# MEMORANDA

## OPINIONS NOT OTHERWISE REPORTED

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HARRY
GILBERT, Otherwise Known as HARRY GOLDBERG, Defendant.*

County Court, Bronx County, March, 1914.

*Crimes — rape — bill of particulars — district attorney will not be required to disclose
evidence — particular dates when offenses were committed must, however, be
furnished.*

MOTION for bill of particulars.

*Francis Martin*, district attorney, for plaintiff.

*Ely Neumann*, for defendant.

GIBBS, J. This is a motion made by the defendant for an order
directing the district attorney to serve the defendant with a bill
of particulars setting forth the following information: "(a) The
particular date when it is claimed that the alleged offense was
committed. (b) The particular place, giving street and number
and locality, where the alleged offense was claimed to have been
committed, and if in a dwelling, in what part of the dwelling such
offense is claimed to have been committed. (c) The day, month
and year when the prosecutrix was born, also the city, town and
state where she was born, or, if in a foreign country, the name of
such country, province, city or town or other locality." The
demand of the defendant herein follows his indictment, which was
handed down on or about February 11, 1914, of the crime of rape
in its second degree, wherein it is charged that he committed
the rape upon the prosecutrix, *between the 6th and 13th days of
October, 1913,* in the county of Bronx. I have examined this
question with considerable care and find that the general rule
with reference to particularity in indictments seems to be that
the indictment is required to contain such a specification of acts
and descriptive circumstances as will on its face fix and determine
the identity of the offense with a sufficiently specific degree to
apprise the defendant of the charge he will be required to meet
on the trial. In Abbott's Trial Brief of Criminal Causes (2d ed.
p. 86), under the heading of " Bill of Particulars," the following
statement occurs: " If the charge against the accused is so general
or indefinite that he cannot properly prepare his defense, the court

* Published by request.— [REPR.

should order the prosecuting officer to give him a bill of particulars." *Commonwealth* v. *Snelling*, 15 Pick. 321; *People* v. *Bellows*, 2 N. Y. Crim. Rep. 12. I do not think that the district attorney should be required to give the defendant the evidence in his possession and which will be used by him in the prosecution of the alleged crime against the defendant. The courts have uniformly held that a party cannot be compelled to disclose his evidence in a bill of particulars. To grant requests (b) and (c) would be a violation of this principle in pleading, as these are matters of evidence. It is sufficient for the purposes of preparation for the defendant, in so far as the last two mentioned demands are concerned, that the indictment alleges that the crime was committed in the county of Bronx, and that it was committed then and there upon a female under the age of eighteen years. The cases quoted in the brief submitted by the learned counsel for the defendant do not bear upon this question. As to request (a), namely, that the district attorney furnish the defendant with the particular date when it is claimed that the alleged offense was committed, I am persuaded that in justice to the defendant this information should be furnished him, so that he may have a reasonable opportunity of meeting the charge made against him. " The indictment must state the facts of the crime, with as much certainty as the nature of the case will admit. * * * there is no latitude of intention to include anything more than is charged; the charge must be explicit enough to support itself." *People* v. *Gates*, 13 Wend. 311, 317. Since the defendant can only be charged in this indictment with the commission of one crime and can be convicted for only one offense, it seems proper that he should have notice as to the particular date when the offense charged against him is alleged to have been committed. *People* v. *Flaherty*, 162 N. Y. 532. I am, therefore, forced to the conclusion that defendant's request (a) is reasonable and proper, and in the interests of justice should be granted. Granting or refusing a demand for a bill of particulars is usually a matter within the sound discretion of the court, under the particular facts of the case. *Kelsey* v. *Sargent*, 100 N. Y. 602; *Messer* v. *Aaron*, 101 App. Div. 169. Motion granted as herein indicated. Submit order.

Ordered accordingly.