THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN C. FLINN and Another, Defendants.

Court of General Sessions, New York County, April 16, 1931.

*Thomas C. T. Crain, District Attorney [Albert B. Unger* of counsel], for the plaintiff.

*Coudert Brothers [Frederick C. Coudert, Jr.,* of counsel], for defendant Lally.

*Nathan Burkan,* for defendant Flinn.

KOENIG, J.    A motion has been made by each of these defendants for the furnishing to him of twenty-five specific items of particulars. The question whether all or any of these items ought to be granted depends upon a reading and an analysis of the indictment found against the defendants.

While bills of particulars are infrequently granted in criminal cases, nevertheless, there is authority for it, governed by the following principle: Whenever the indictment, though valid in form, is so general as to give the defendant inadequate notice of the charge he is expected to meet, the prosecution may be required to furnish a bill of particulars of the specific charge to be pressed.   However, the prosecutor is not called upon to disclose the evidence relied upon to establish the proposition set forth in the indictment.   (3 Whart.

Crim. Pr. [10th ed.] 1637–1640; *Tilton* v. *Beecher*, 59 N. Y. 176, 184; *People* v. *Jaehne*, 4 N. Y. Cr. 161; *People* v. *Farson*, 244 N. Y. 413, 419.)

It is a fundamental rule of criminal pleading that an indictment must not only state the crime with which a defendant is charged, but, in addition, it must contain a plain and concise statement of the act constituting the crime. (*People* v. *Dumar*, 106 N. Y. 502, 509; *People* v. *Bates*, 61 App. Div. 559, 561.) The object of this requirement is twofold: (1) To enable a defendant to prepare his defense; and (2) to prevent a second indictment for the same offense. (*People* v. *Helmer*, 154 N. Y. 596, 600; *People* v. *Corbalis*, 178 id. 516, 520.)

An analysis of this indictment makes it clear that it meets the requirements of the statute. It is specific in character and is sufficient to enable the defendants to prepare their defense and protect themselves against jeopardy.

In the light of my construction of the indictment, it appears to me that the defendants' object in having the district attorney furnish them with these specific items set forth in their moving papers is, *first*, to determine in advance upon what theory under the indictment the district attorney intends to go to the jury; and, *second*, to furnish them with matters which are clearly within the realm of evidence to be presented upon the trial of the action.

Under the indictment, the People may go to the jury upon any theory within the four corners of the indictment sustainable by the evidence. They are not called upon in advance to submit to the defendant the theory upon which they decide to proceed.

The indictment being complete enough to protect the defendants, in accordance with the principles laid down, the State is not called upon to furnish items of evidence.

Motion for a bill of particulars as to each and every item set forth in the defendants' moving papers is denied.