THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. RALPH FLORENCE, Defendant.*

Court of General Sessions, New York County, January 11, 1933.

*Thomas C. T. Crain, District Attorney [William E. Maloney, Assistant District Attorney, of counsel], for the plaintiff.*

*Alex. I. Rorke and Albert J. Rifkind, for the defendant.*

FRESCHI, J. The district attorney opposes the granting of this motion, claiming that the Code of Criminal Procedure fails to authorize bills of particulars, except in cases where the simplified or short form of indictment is used under chapter III-A of the Code. I do not agree with this contention. It is clear from the decisions

* Modfd., 146 Misc. 735.

that the practice has been followed in many cases to order such bills where the long form of indictment has been employed. (See *People* v. *Stedeker*, 175 N. Y. 57, at p. 61.)

This court has inherent authority to require the filing of a bill of particulars in a proper case. (See Code Crim. Proc. §§ 295-f–295-k; Joyce Indictments [2d ed.], § 320 *et seq.* and cases there cited.)

In *People* v. *Flinn & Lally* (146 Misc. 423) Judge KOENIG wrote: " While bills of particulars are infrequently granted in criminal cases, nevertheless, there is authority for it, governed by the following principles:

" Whenever the indictment, though valid in form, is so general as to give the defendant inadequate notice of the charge he is expected to meet, the prosecution may be required to furnish a bill of particulars of the specific charge to be pressed. However, the prosecutor is not called upon to disclose the evidence relied upon to establish the proposition set forth in the indictment. (3 Whart. Crim. Pr. [10th ed.] 1637–1640; *Tilton* v. *Beecher*, 59 N. Y. 184; *People* v. *Jaehne*, 4 N. Y. Cr. Rep. 161; *People* v. *Farson*, 244 N. Y. 413, 419.)

" It is a fundamental rule of criminal pleading that an indictment must not only state the crime with which a defendant is charged, but, in addition, it must contain a plain and concise statement of the act constituting the crime. (*People* v. *Dumar*, 106 N. Y. 502, 509; *People* v. *Bates*, 61 App. Div. 559, 561.) The object of this requirement is two-fold: (1) To enable a defendant to prepare his defense; and (2) to prevent a second indictment for the same offense. (*People* v. *Helmer*, 154 N. Y. 596, 600; *People* v. *Corbalis*, 178 id. 516, 520.)

" An analysis of this indictment makes it clear that it meets the requirements of the statute. It is specific in character and is sufficient to enable the defendant to prepare his defense and protect himself against jeopardy.

" In the light of my construction of the indictment, it appears to me that the defendant's object in having the district attorney furnish him with these specific items set forth in his moving papers is to determine in advance upon what theory under the indictment the district attorney intends to go to the jury, and, secondly, to furnish him with matters which are clearly within the realm of evidence to be presented upon the trial of the action.

" Under the indictment, the People may go to the jury upon any theory within the four corners of the indictment sustainable by the evidence. They are not called upon in advance to submit to the defendant the theory upon which they decide to proceed.

" The indictment being complete enough to protect the defendant,

in accordance with the principles laid down, the State is not called upon to furnish items of evidence." (See, also, *United States* v. *Adams Express Company,* 119 Fed. 240, at p. 241.)

In *People* v. *Bellows* (2 N. Y. Crim. 12) BRADY, J., said: " The defendant should be advised of the accusation against him, with sufficient certainty to enable him to prepare for his defense. There is no good reason why such a requirement should not be enforced. Each person accused of crime should be given the benefit of every reasonable opportunity to prepare for his defense, and to prove his innocence."

The indictment here charges murder in its first degree committed by the defendant with force and arms upon one George L. Gerhard in the county of New York on December 14, 1932, with malice aforethought and by means of a revolver fired and mortally wounding said George L. Gerhard, and thereby causing his death. This indictment sets forth the facts charged against the defendant so that he can well know what he is required to defend against.

The indictment charges this defendant and another with the commission of the crime and alleges that the said defendants " did make an assault, and *a* certain pistol, then and there charged and loaded with gunpowder and one metal bullet, which said pistol *they,* the said defendants in their right hands then and there had and held, to, at, against and upon the said George L. Gerhard then and there wilfully, feloniously and of their malice aforethought did shoot off and discharge * * * in and upon the body of him, the said George L. Gerhard," etc. This form of allegation makes it uncertain whether one or more persons used pistols and fired the fatal shot.

The particulars sought by the defendant are:

I. The exact time, date and place where the alleged killing occurred.

II. The nature and character of the place where the alleged killing occurred.

III. The exact place where the body of the deceased was found.

IV. The time and place where the defendant Florence was arrested.

V. Whether or not the defendant Florence made any statement to the police or district attorney after his arrest; if such statements were made by defendant, state the place where made, the name or names of the persons to whom they were made, and if such statements were taken down in writing the name or names of the person or persons who took such statements together with a copy of the same.

VI. Whether the district attorney claims the defendant Florence actually shot the deceased.

VII. The number and calibre of any bullets found in the body of the deceased.

VIII. The calibre of the weapon it is alleged the defendant Florence used, if any.

Many of these requests, if allowed, would involve the disclosure of the People's evidence. This would be improper here. (*Eighmy* v. *People*, 79 N. Y. 546, at p. 549; *People* v. *Dr. Kelly Medical Co.*, 146 N. Y. Supp. 856.) A court may order particulars that would amplify a fuller statement of the facts than the allegations of the indictment, more particularly where no preliminary hearing was conducted in the case. Discretion should not be exercised in favor of a defendant where a preliminary hearing has been held. (*Commonwealth* v. *Eagan*, 190 Penn. St. 10; 42 Atl. 374.) The defendant may have an order here in the interest of justice and to avoid surprise, requiring the district attorney to particularize the exact time and place where the alleged killing occurred (See *People* v. *Weiss*, 158 App. Div. 235, at p. 238), and where the body of the deceased was found, and whether the district attorney claims that this defendant actually shot the deceased or aided and abetted the commission of such alleged crime. Matters which are within the knowledge of the defendant are not proper subjects for a bill of particulars.

Ordered accordingly.