THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* RALPH FLORENCE and WILLIAM VOGEL, Defendants.*

Court of General Sessions, New York County, March 7, 1933.

* Modfg. 146 Misc. 152.

*Thomas C. T. Crain, District Attorney [James T. Neary, Assistant District Attorney, and John C. McDermott, Assistant District Attorney, of counsel], for the plaintiff.*

*Alexander I. Rorke and Albert J. Rifkind, for defendant Florence.*

*Joseph M. Proskauer, Edward W. McDonald, Alfred Norick and Edward V. Laughlin, for defendant Vogel.*

FRESCHI, J. The indictment here charges two defendants, Ralph Florence and William Vogel, with first degree murder, committed on the 14th day of December, 1932, in the county of New York, by discharging a pistol which mortally wounded one George L. Gerhard, and thereby causing his death.

Separate motions have been made by these defendants for a bill of particulars, the items requested being practically identical. On January 11, 1933, the motion of the defendant Ralph Florence was granted (*People* v. *Florence*, 146 Misc. 152) only as to the following particulars:

1. The exact time and place where the alleged killing occurred;

2. Where the body of the deceased was found;

3. Whether the district attorney claims that this defendant actually shot the deceased or aided and abetted the commission of such alleged crime.

As to all other particulars requested, the motion was denied.

Both the district attorney and the defendant Florence now present motions for a reargument of the motion for a bill of particulars as to that particular defendant. The said defendant asks a reconsideration of all the items requested in the notice of motion

presented on January 3, 1933; whereas, the district attorney asks for a modification of the order heretofore granted.

The defendant Vogel asks for the following particulars:

1. The exact time, date and place where the alleged killing occurred;

2. The nature and character of the place where the alleged killing occurred;

3. The exact place where the body of the deceased was found;

4. The time and place where the defendant William Vogel was arrested;

5. Whether or not the defendant William Vogel made any statements to the police or district attorney after his arrest; if such statements were made by the defendant, state the place where made, the name or names of the persons to whom they were made; and if such statements were taken down in writing, the name or names of the person or persons who took such statement, together with a copy of the same;

6. Whether the district attorney claims the defendant William Vogel actually shot the deceased;

7. The number and caliber of any bullets found in the body of the deceased;

8. The caliber of the weapon it is alleged the defendant William Vogel used, if any, and for such other and further relief as to the court may seem just and proper.

I shall consider these last-mentioned motions for a reargument and the motion of defendant Vogel for a bill of particulars together.

On the reargument the district attorney urged that the order directing the furnishing of the particulars above mentioned be vacated, since the indictment in the case at bar is specific enough in its allegations of the offense charged against each defendant to give him adequate notice of the charge he is required to meet; while on the other side, each defendant contends that within the exercise of a sound discretion their several motions should be granted as to all particulars.

The indictment here is in the common-law form under which proof is admissible that the defendants or either of them committed premeditated and deliberate murder or any degree of homicide, or a murder in the course of the commission of a felony in which they were jointly, directly or indirectly, engaged, or as a result of a conspiracy. (*People* v. *Lytton*, 257 N. Y. 310, 315; *People* v. *Giblin*, 115 id. 196; *People* v. *Osmond*, 138 id. 80.)

The difference between a principal and an accessory in felony cases has been wiped out (*People* v. *Bliven*, 112 N. Y. 79, 83; Penal Law, §§ 2 and 27); and it is not necessary to allege the facts showing that

the crime charged was committed through the agency of another; but when charged it is equivalent to an allegation that the act was that of the defendant. (*People* v. *Peckens*, 153 N. Y. 576, at p. 587.) It is the character of the averments and all their plain implications liberally construed which shall form the basis for determining the validity of this first pleading on the part of the People — the indictment — within the meaning of section 275 of the Code of Criminal Procedure. (See, also, *People* v. *Conroy*, 97 N. Y. 62; *People* v. *Farson*, 244 id. 413.)

The grand jury has here charged a killing of Gerhard by the actual firing of a shot from one pistol — the same weapon — while each defendant held it in his right hand. A fair construction of the language and phraseology employed in its legal effect is that each defendant aided and abetted the other in the commission of the crime, and that they are consequently jointly criminally responsible. Each defendant, perforce, knows therefrom what specific act constitutes the commission of such alleged murder.

Notwithstanding this peculiar form of the allegation (See *People* v. *Florence, supra*) there can be no question here about the validity of the indictment in the case at bar. No indictment is insufficient, nor can the trial, judgment or other proceedings thereon be affected, by reason of an imperfection in matter of form, which does not tend to prejudice the substantial rights of the defendant, upon the merits. (Code Crim. Proc. § 285.) I am now of the opinion that the accusation is " set forth with sufficient fullness to enable the accused to know what the matter is which he has to meet." (See *People* v. *Bogdanoff*, 254 N. Y. 16, at p. 37.) Judge CRANE in his learned dissenting opinion in the last-mentioned case tells us that the office and purpose of an indictment as a pleading is, in effect, an information that states " not only the crime of which the accused is charged, but the nature of the act, or the facts constituting the crime." Furthermore (at p. 35), he writes this: " The indictment at common law was very exact in stating all the details and incidents of the alleged crime " and that " an indictment today means just what it did at common law in its essential parts, but without its tautology and verbiage." For many years the form of indictment before this court has been used without successful attack.

Since both defendants here are charged as principals, under the authority of *People* v. *Giro* (197 N. Y. 152, at p. 158), a shot fired by either is the act of both, whether their minds met in the act of shooting or not, provided they met in the act of committing the crime. " That fundamental fact carried with it the heavy responsibility which the law places upon all who are acting together in the commission of a felony, when one of their number kills an outsider

even by shooting to frighten and not to take life." In *People* v. *Becker* (215 N. Y. 126, 148) the court referred to the rule explicitly laid down in *People* v. *McKane* (143 N. Y. 455, 470): "When a conspiracy is shown, or evidence on the subject given sufficient for the jury, then the acts and declarations of the conspirators, *in furtherance* of its purpose and object, are competent, and in a case like this *it is not necessary*, in order to make such proof competent, *that the conspiracy should be charged in the indictment.*" These defendants for the first time, perhaps, have challenged the allegation contained in this pleading respecting the shooting as being uncertain, doubtful and inartistic in its terminology, contending that the People charge that each of these defendants with his right hand discharged the same pistol at the same time and thereby killed the decedent herein. The court thereupon, by an order made January 11, 1933, required the district attorney to state which defendant actually fired the shot, or which of them aided and abetted the shooting. There can be no question that if these defendants were jointly engaged in the commission of this crime the shooting by one, to all intents and purposes, would be the act of the other. (*People* v. *Bliven,* 112 N. Y. 79, 91, 92; *People* v. *Peckens, supra,* at p. 586; *People* v. *Giro, supra,* at p. 158; *People* v. *Katz,* 209 N. Y. 311.)

At no time on the argument of these several motions until the hearing of the Vogel motion did the district attorney claim that both of these defendants were engaged in a felony at the time of this murder, or that they were engaged in a conspiracy to commit a robbery. The district attorney then stated very frankly for the first time that the theory of the prosecution was that the killing took place while both defendants were present and then actually engaged in the commission of such a felony. Perforce, it follows, if this be the case, that it is unimportant for purposes of this motion which of the two defendants fired the shot that mortally wounded the deceased, resulting in his death; and to require the furnishing of this particular in such case would be an empty formality.

There was no magistrate's preliminary hearing in the case. Such a consideration should have weight on such a motion as this. "A bill of particulars is appropriate in all descriptions of actions where the circumstances are such that justice demands that a party should be apprised of the matters for which he is to be put to trial with greater particularity than is required by the rules of pleading." (*Tilton* v. *Beecher,* 59 N. Y. 176, at p. 184; *People* v. *Stedeker,* 175 id. at p. 61.) The specific proposition for which the pleader contends in respect to any issuable fact in the case may be ordered in a bill

of particulars, where the indictment is so general as not to give the defendant adequate notice of the charge he is expected to meet, provided the prosecutor is not required to furnish his evidence relied upon to establish such proposition. (*People* v. *Jaehne*, 4 N. Y. Crim. [Gen. Sess.] 161, 163.)  (See, also, *Ball* v. *Evening Post Publishing Co.*, 38 Hun, 11, 15; 3 Wharton Crim. Proc. [10th ed.] § 1637; *People* v. *Bellows*, 2 N. Y. Crim. 12.)

In the interest of exact justice, it is not unreasonable in a proper case to direct the prosecuting attorney to indicate his claim whether the shot was fired by a particular defendant, or, in the alternative, that each defendant aided and abetted the other in the commission of the alleged crime.

True it is that the jury may, however, reach a determination on all the surrounding facts and circumstances of the case that at the time of the shooting the felony had been actually completed, or that one of these defendants was not guilty because he had abandoned the crime out of which murder arose, and, therefore, could not be held as an accomplice, in which case it becomes very important to know on the trial which of the two defendants did the actual shooting; but much of the information sought by these defendants involves the disclosure of the evidence upon which the issue of the killing depends.

Before a bill of particulars is ordered, the court should be satisfied that the district attorney is not thereby practically compelled to make an election of the theory of his case.  He should not be placed in the position of determining in advance of the trial, to the peril and embarrassment of the prosecution, what the jury must determine as a fact after the trial.  The reason for this is obvious.  A bill of particulars and the indictment in a case, as held by the majority of the Court of Appeals in *People* v. *Bogdanoff* (*supra*, at pp. 24 and 26), must be read together and constitute the written accusation which the grand jury has made and which the accused must meet; although Judge CRANE, in his dissent from his colleagues in that case, said that a bill of particulars is not now, and never has been, a part of the indictment.  (See p. 38.)

The principle laid down in *People* v. *Sullivan* (173 N. Y. 122, 127) is applicable here as a potent argument on behalf of the People in determining whether at this time and before the trial, the prosecutor must be held to an election and to say in a bill of particulars upon what theory he will prosecute and present this case to the jury. CULLEN, J., writing for the court, said: " Ever since the enactment of the Penal Code, and even before that time since the law of 1876, by which homicide in the commission of a felony was made murder in the first degree, it has been the practice, in prosecu-

tions for that crime, to submit the case to the jury in both aspects, premeditated and deliberate design to take life and killing in the commission of a felony. (*Buel* v. *People*, 78 N. Y. 492; *People* v. *Willett*, 102 N. Y. 251; *People* v. *Johnson*, 110 N. Y. 134; *People* v. *Meyer*, 162 N. Y. 357.) This is no new doctrine in the administration of the criminal law; on the contrary, the principle involved is very old. For far more than a century past it has been the practice, approved by all courts and text writers, to charge, by the use of several counts, the same offense as committed in different manners or by different means. ' There is no objection to stating the same offense in different ways in as many different counts of the indictment as you think necessary.' (Archibald Crim. Practice, 93.) ' Every cautious pleader will assert as many counts as will be necessary to provide for every possible contingency in the evidence and this the law permits.' (Wharton Crim. Law, sec. 424.) In this State the practice is directly authorized by statute. (Code Crim. Pro. sec. 279.) *Where the several counts charge the same offense, the prosecution will not be compelled to elect on which count it will proceed.* ' *It is every day's practice to charge a felony in different ways in several counts for the purpose of meeting the evidence as it may come out upon the trial; each of the counts on the face of the indictment purports to be for a distinct and separate offense, and the jury very frequently find a general verdict on all the counts, although only one offense is proved; but no one ever supposed that that formed a ground for arresting the judgment. If the different counts are inserted in good faith for the purpose of meeting a single charge the court will not even compel the prosecutor to elect.'* (Opinion of Chancellor, *Kane* v. *People*, 8 Wend, 203.) "

I quite agree with the learned district attorney that it is *on the evidence* that the jury is to determine whether " either defendant herein actually shot the deceased or aided and abetted the commission of such alleged crime," and that the jury may see fit to find the defendants guilty of murder in the first degree, although not engaged in the commission of a crime, in which event the jury would have to find which defendant fired the shot or that he acted as a principal in encouraging the shot to be fired. I also am in agreement with the district attorney's argument that at the trial the defendants or either of them may fairly say that a felony was not in progress, and that in such event the People would have to show before a conviction for first degree murder can be had, that the defendant who held the gun shot with premeditation and deliberation and intent to kill. He also argues that one of the defendants or both may have actually been engaged in the commission of a felony prior to the homicide, or may have abandoned

the felony by an expressed intention and may have done some overt act in harmony with the intention to abandon it. The district attorney reasons that, therefore, it will be for the particular defendant to say whether or not he actually fired the shot or, pursuant to his intention, abandoned the commission of the felony. I do not find that it will be any aid to the defense to know who fired the shot in question.

For all the reasons above assigned the motion for a reargument is granted, and upon reconsideration the order of this court granted January 11, 1933, is hereby modified by striking out the requirement that the district attorney shall furnish the item of particulars as to which defendant fired the fatal shot, and which aided and abetted such shooting.

As to the motion of the defendant Vogel, the district attorney shall furnish him with the particulars demanded in items 1, 2, 3, and, in item 5, the name or names of the witnesses referred to (*People* v. *Gilbert*, 118 Misc. 825); and as to all others, his motion should be denied. (*People* v. *Carillo*, 130 Misc. 679.)

Ordered accordingly.