THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of FRANCIS A. CAPELL, Complainant, *v.* FRANCIS GRAY PALMER, Prosecuted as FRANCIS GRAY, Defendant.*

City Court of New Rochelle, February 7, 1939.

*John A. Bodmer*, for the People.

*Richard Leo Fallon*, for the defendant.

FASSO, J. This is a motion made by the defendant for a bill of particulars in connection with an information by which the defendant is charged with keeping and maintaining a disorderly house (Penal Law, § 1146).

There is no statutory authority by virtue of which a defendant, charged with a misdemeanor in a Court of Special Sessions, is entitled to a bill of particulars. There are no reported cases, apparently, in which the precise point has been considered and decided.

The only provision in the Code of Criminal Procedure which relates to bills of particulars is found in the chapter on simplified indictments. (§ 295-g.) Bills of particulars, however, have been granted even where the long form of indictment was employed. The Code, therefore, has not been so interpreted as to restrict the use of bills of particulars to those cases where a defendant is prosecuted on a simplified indictment. (See *People* v. *Florence*, 146 Misc. 735; *People ex rel. Todak* v. *Hunt*, 153 id. 783; *People* v. *Rosen*, 251 App. Div. 584.)

---

* See *People* v. *George* (170 Misc. 707); *People* v. *Rubin* (Id. 969).

Orders for bills of particulars were granted by courts long before the passage of legislation dealing with the subject. Courts have exercised the power in order to promote justice and avoid surprise at the trial. In the case of *Tilton* v. *Beecher* (59 N. Y. 176) the Court of Appeals stated: " A bill of particulars is appropriate in all description of actions where the circumstances are such that justice demands that a party should be apprised of the matters for which he is to be put for trial, with greater particularity than is required by the rules of pleading. * * * The court must see that both parties are fairly dealt with, and it cannot be presumed that it will make any order which shall shield the defendant from just responsibility."

Even more important than the guilt or innocence of a particular defendant is the fundamental principle that every defendant who appears in a court of justice is entitled to a fair trial. There are situations, at times, when, in order to accord a defendant a fair trial, it is necessary to grant an order for a bill of particulars. Thus where a defendant was charged with being a common barrator, the specific instances of barratry were ordered; also, where there was an indictment for nuisance, the separate acts of nuisance were required to be set forth. (See *Tilton* v. *Beecher, supra.* See, also, *People* v. *Moskowitz,* 119 Misc. 837.)

In the case at bar the information covers a period of almost four months. The defendant may be confronted at the trial with evidence of unlawful conduct on any day during that period. Under the circumstances, it seems almost impossible for her to prepare for trial, for she must be ready to account for every day of the period set forth in the charge. If she has, indeed, engaged in unlawful conduct every day, she should be informed accordingly, so that she may be ready to present her evidence. If, on the other hand, her illegal acts took place only on some of the days within the period, she should be so advised so as to prevent surprise at the trial. Only in this way can the interests of the People and the legal rights of the accused be adequately preserved.

The motion, therefore, is granted to the extent of requiring the People to serve upon the defendant particulars as to the date or dates it will be claimed the defendant permitted unlawful sexual intercourse to be practiced upon the premises, and also as to the date or dates it will be claimed unlawful sexual intercourse was practiced on the premises with the knowledge of the defendant. If exact dates cannot be furnished, approximate dates may be submitted. As to the other items, the motion is denied. The bill of particulars may be served on or before February 14, 1939.