THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MARTIN J. PARKINSON and WILLIAM J. McGEORY, Defendants.

Court of General Sessions of County of New York, May 4, 1943.

*Kent, Hazzard & Jaeger* for Martin J. Parkinson, defendant.

*Sydney A. Syme* for William J. McGeory, defendant.

*Frank S. Hogan, District Attorney (Thomas F. Moore* of counsel), for plaintiff.

FRESCHI, J. This is a motion for a bill of particulars demanding that the District Attorney specify and set forth in detail the place in the county where the crime of extortion herein is claimed to have been committed and, if in a building, the address or location thereof; and also a specification as to the date when he claims the extortion was committed, furnishing the date when it will be claimed that the defendants received the sum of $4,200, if the sum was paid in a lump sum; if not, then to specify the days or dates of each of the alleged payments, together with the amounts of each separate payment, and the place where each payment was made.

It is clear by reason of the form of the allegations of the indictment that in certain respects the motion must be granted.

There are two indictments against these defendants, one filed February 26, 1943, and the other filed March 10, 1943, the latter being a superseding indictment adding the crime of extortion to the crime of attempt to commit the crime of extortion as originally charged. The attempted crime is alleged to have been committed by these defendants in the county of New York between on or about December 1, 1938, and on or about January 13, 1939, attempting to obtain extortively the sum of $100,000, property of the Dravo Corporation, from E. T. Gott, Richard W. Hemp and J. S. Miller, officers of said corporation, in order to unlawfully injure the property of said corporation by corruptly and unlawfully fomenting and declaring strikes among its employees and by unlawfully and corruptly using their power to prevent the Dravo Corporation from entering into a contract with the International Union of Operating Engineers and the International Hod Carriers, Building and Common Laborers

Union, by unlawfully and corruptly using their power to prevent said corporation from employing members of said union, by unlawfully and corruptly using their power to prevent said corporation from employing members of said union at prevailing and reasonable rates of wages and by unlawfully and corruptly hindering and impeding the conduct of the business of said corporation and otherwise interfering with it.

The allegations of the second count, among other things, charge that the defendants extortively obtained the sum of $4,200 from William Anderson and Robert Parker, as agents of the corporation W. E. Callahan Construction Company, by threats unlawfully to injure the property of said company by fomenting and declaring strikes among its employees, using their power to prevent said company from hiring and employing efficient workers and damaging the machinery and equipment belonging to said company, by causing the company financial loss through sabotage to be committed on its property for which said construction company was legally responsible, and by hindering and impeding the conduct of said company's business and otherwise interfering with it.

The claim is made, first, that the District Attorney should be required to make more specific, by bill of particulars, the site where it is claimed that the alleged crime of extortion was committed since " in the County of New York " includes all of Manhattan Island. It has been repeatedly held that a given county is a sufficient allegation of fact and is all that the statute requires in such case. The District Attorney cannot be compelled to furnish the particular building with address or location thereof and, unless he consents, the defendants are not entitled to this information which is in the nature of evidence.

The date of the crime of extortion, referred to in the second count, fixes its commission from on or about March 18, 1937, to on or about February 10, 1939 — a span of twenty-three months. As has been argued by the defendants, it is apparent from the foregoing allegation that more than five years have elapsed since the occurrence of said alleged extortion, in the event that the same was committed at any time prior to March 10, 1938.

The date when this indictment was filed is March 10, 1943.

Since the substantive crime of extortion is the unlawful " obtaining " (Penal Law, § 850) of money from another, its payment and receipt fixes the date of the consummated crime. Attempting unlawfully to obtain it is also criminal, even under the extortion count. The unlawful overt acts, tending but fail-

ing to effect its commission or the extortion itself, if committed within the statutory period, may involve proof of and deal with other similar and prior related acts on other dates, which would be admissible as relevant to and bearing upon the motive and intent of these defendants, even though they go beyond the Statute of Limitations. (Code Crim. Pro. § 142.)

A course of conduct or a series of acts and transactions, forming part of a general scheme or plan, may be proved under this indictment, as claimed in this case, prior to a given date, anterior to the finding of the indictment, even if they go beyond the five-year period, but ultimately leading up to the payment of the money which must be at some time within the statutory period, provided that it can be shown to extend to the defendants' connection with such acts and provided, also, it is shown that the issues are bound up and together with each other so as to run through to the means and manner of the commission of the crime of extortion or its attempt. In other words, where it can be established that such acts are continuing and ultimately result either in the obtaining of the money at a given time within the statute or an attempt to do so, the proof is competent and relevant.

The allegations of the indictment, or a bill of particulars, though, should charge the commission of the substantive criminal acts as being within and limit them to the statutory period. True, evidence must not be pleaded, but the acts complained of must be specifically identified, particularly where the date or dates of the crime, as alleged to have been committed here, may be barred. In such a case, the pleading or the bill must contain the facts or particulars which remove the case from and avoid the operation of the statute. The applicable statute (Code Crim. Pro. § 280) states that the precise time at which the crime was committed need not be stated in the indictment; but it may be alleged to have been committed at any time before the finding thereof, *except where the time is a material ingredient in the crime.*

It is indispensable for the proper preparation of a case, both for the People and the defense, that the exact date or a definite period required by law be alleged, as a background, in the indictment according to the provisions of our Code of Criminal Procedure. An indictment is something more than a mere formality; it loses its value if it is not clear in its material and essential allegations and particulars. The pleader's creed should be clarity in form and substance in setting out the underlying true facts, so as to distinguish between for-

malism and substance or facts. Correctness as well as conciseness constitutes the basic theory of all indictments. Where there is doubt, things might be set right by a bill of particulars.

The purpose of a bill of particulars is not, however, to enable counsel for the accused to examine the opponent's case as on a trial, but it shall serve merely as a clarification of certain matters set forth in the indictment.

This application has particular merit because it is not clear whether the payment of money as alleged is made up of one or several payments, or when they took place. On the argument the District Attorney indicated that the moneys represented an aggregate of the sums paid at different times. I hold that under such circumstances, the District Attorney should be required to be more specific as to the date or dates when he claims the principal fact, namely, the felonious obtaining or attempting to obtain the money in question, or any part thereof, was committed, and to specify if that amount was paid in a lump sum; but if such amount was paid in small installments or made in various payments, then the District Attorney should be required to specify the day or period of the alleged payments. This is of especial importance on the question as to whether the prosecution of the alleged crime may be barred by the Statute of Limitations relating to a felony. (Code Crim. Pro. § 142.)

An order will be made herein accordingly, requiring the furnishing of the particulars as above indicated within ten days after the entry of the order and that the trial be stayed until such particulars are so furnished. The proposed order shall be settled on notice.