Abraham N. Geller, J.
Defendant, indicted for murder in the first degree, has moved for the following bill of particulars:
“ 1. The exact time and place where the alleged killing occurred.
“ 2. The nature and character of the place where the alleged killing occurred.
“ 3. The exact place where the body of the deceased was found.
“ 4. A copy of the Medical Examiner’s report and/or autopsy report with respect to the cause of death of Elias Negron and the medical facts in connection therewith.
“ 5. The exact description, make, number, calibre and other identification of the weapon used.
“ 6. The registration and owner of said weapon.
“ 7. The exact name and identification of the person in whose possession the weapon used was found and where when and under what circumstances said weapon was found.
“ 8. The exact time and place of the arrest of the defendant herein and the identity of the arresting officers.
“ 9. The identity of the person or persons arrested with defendant at the time of his arrest or under arrest at the time of his arrest in connection with this crime.
“ 10. The exact description, make, number, calibre and other identification of the weapon used as referred to in the complaint and short affidavit in the arrest of the defendant and one Prank Gonzales in connection with this crime, and the ballistics report with reference thereto.
*543 “ 11. Copy of all statements and transcriptions of testimony taken from the defendant herein since on or about 3:00 a.m. on February 12,1963.”
There is no provision in our Code of Criminal Procedure for a bill of particulars, except with regard to a simplified indictment, and the form therein provided (§ 295-i) indicates that only certain bare essentials are to be furnished. However, where the circumstances warrant, the courts have reasonably, but cautiously, expanded the scope of the particulars to be furnished (see, e.g., People v. Parkinson, 181 Misc. 603; People v. Jordan, 128 N. Y. S. 2d 457). A defendant is not entitled to know the precise nature of the evidence or the theory of criminal responsibility intended to be relied upon by the District Attorney. But, in a murder case, a defendant is entitled to know the exact date and approximate time of day, the nature of the place, the exact place where the body was found, and the exact description and identification details of the weapon used (referred to in the indictment as a pistol).
Accordingly, items 1, 2, 3 and 5 are granted, as hereinabove indicated. It should be observed that the District Attorney has consented to several of these items. Items 6, 7, 8, 9 and 10 are denied, as involving matters of evidence falling within the inhibitions of the applicable rule.
The remaining items — 4, copy of autopsy report, and 11, copy of defendant’s statements, as well as that portion of item 10 relating to the ballistics report — actually are requests for inspection of documents in advance of trial.
In the landmark case of People ex rel. Lemon v. Supreme Ct. (245 N. Y. 24), Judge Cardozo reviewed the subject of disclosure of documents in criminal proceedings and the legitimate limits to be observed in balancing the rights of the defendant and the prosecution. He pointed out (p. 29) that the rule even in civil matters was circumscribed: “Documents are not subject to inspection for the mere reason that they will be useful in supplying a clew whereby evidence will be gathered. Documents to be subject to inspection must be evidence themselves.” He then went on to indicate that in criminal causes, the practice was even more restricted, although noting that, in courts of other jurisdictions, there could be found “ the beginnings or at least the glimmerings ” of the doctrine of “an inherent power in courts of criminal jurisdiction to compel the discovery of documents in furtherance of justice ” (p. 32).
Since Lemon a number of decisions in this State have indicated a gradual trend toward an “ evolving practice of liberal discovery in criminal eases ”, (People v. Stokes, 24 Misc 2d *544 755, 760; see, e.g., Matter of Silver v. Sobel, 7 A D 2d 728; People v. Munoz, 11 A D 2d 79, 85; People v. D’Andrea, 20 Misc 2d 1070.) The Federal courts and many States have for many years been granting in broad terms a right of pretrial discovery and inspection without any discernible prejudice to the People’s case.
With reference to item 4, the autopsy report, which, while not necessarily open to public inspection, is a record made by a public officer for a public purpose and filed in a public office and therefore admissible in evidence (see People v. Nisonoff, 293 N. Y. 597), it is fairly well settled now that a defendant should be permitted to inspect it, in the absence of special circumstances warranting a denial as to any portion thereof (Matter of Silver v. Sobel; People v. Munoz, supra).
With reference to item 11, defendant’s statements, it was indicated in People v. Stokes (supra, pp. 760-762) that, if some circumstantial showing were made by a defendant to elicit the court’s exercise of discretion in his favor, pretrial discovery of such statements in the possession of the District Attorney should be granted, unless there was a showing of prejudice to the People. Such a showing on the part of this defendant, in the view of the court, is here made in that defendant is a 15-year-old boy charged with murder in the first degree. The nature of this determination is in line with recent decisions in the Federal court, in many other States and in our own State.
With reference to that portion of item 10 relative to inspection of the ballistics report, that is in a different category. A ballistics report is prepared by an expert for the prosecution. It may be subject to inspection at the "trial for the purpose of cross-examination if that expert testifies; but it is not itself evidence, as is an autopsy report, and is not admissible as evidence. Even in a civil case, such material prepared by one party for litigation is not obtainable by the other party in advance of trial, unless exceptional circumstances to avoid an injustice are shown (see CPLR, § 3101, subd. [d]).
While the ballistics report as such is not subject to pretrial inspection, a defendant in a murder case charged to have been committed with a pistol should, in the discretion of the court, be ordinarily entitled to a discovery and inspection of the bullets and the gun by an expert of his selection under conditions protective of the rights of both parties. The bullets and the gun are evidence and fall within the rule for inspection of documents or things in the possession of an adverse party. As pointed out in Matter of Hughes v. Kings County Ct. (181 Misc. 668, 673), defendants should have the opportunity to inspect *545 such articles in advance of trial and not under the hurry of trial conditions ‘ ‘ if there is anything about the bullets and gun which would tend to show the innocense of the defendants ’ \
Defendant’s request for inspection, as construed by the court from the items set forth in the motion papers, is granted to the extent and in the manner indicated. In connection with the settlement of the order herein, the parties may set forth in any papers or memoranda they wish to submit their respective views as to any of the matters herein left open for implementation and advise the court as to their agreement, if reached, particularly with respect to the procedure to be followed on the inspections.