Alexandeb W. Kbameb, J.
Motion by the defendant for an order directing the People to serve a bill of particulars with respect to the allegations set forth in the information herein.
The People oppose, contending that, since the information is a long form information, the defendant is not entitled to such a bill.
There is no statutory authority which requires the People to furnish a bill of particulars — except as to simplified traffic informations or indictments. (People v. George, 170 Misc. 707; Code Crim. Pro., §§ 147-f, 147-g, as well as §§ 295-g, 295-h, 295-i, 295-j, 295-k, 295-1.)
However, as set forth in People v. Palmer (170 Misc. 475), orders for bills of particulars were granted by courts long *696 before the passage of legislation dealing with the subject. Courts have exercised the power in order to promote justice and avoid surprise at the trial. Thus, the Code has not been so interpreted as to restrict the use of bills of particulars to those cases where a defendant is prosecuted either via a simplified indictment or a simplified information.
Whenever in any criminal proceeding it appears necessary to give the defendant and the court reasonable information as to the nature and character of the crime or offense charged, the court has inherent authority to require the filing of a bill of particulars. (People v. Seeley, 75 N. Y. S. 2d 833.)
A bill of particulars is appropriate where justice demands that a party be apprised of matters charged with greater particularity than is required by the rules of pleading.
The motion is accordingly granted as to items “ 1 ”, “2”, and 1 ‘ 3 ”; it is denied as to items ‘( 4 ” and ‘ ‘ 5 ”.