John J. Walsh, J.
The defendants have been indicted on three counts involving dangerous drugs. The indictment charges that on the 7th day of January, 1969, the defendants acting together and in concert and each being the accomplice of the other, sold lysergic acid diethylamide, an hallucinogenic drug (LSD), to G-. P. Thomas (count 1) and to M. E. Hamlin (count 2) in the City of Utica and also criminally possessed the same drug (count 3).
The defendant seeks a bill of particulars, a list of witnesses, discovery and inspection, production of the statements of witnesses; to dismiss the indictment on the ground that statutes are unconstitutional; and to inspect the Grand Jury minutes and dismiss the indictment.
Constitutionality of the 'Statutes.
The defendant contends that sections 220.30 and 220.10 of the Penal Law are unconstitutional in that they are vague and indefinite and do not set forth an ascertainable standard of guilt, and more particularly that they fail to define ‘ ‘ narcotic drug ” and “ dangerous drug.”
The sections seem clear and definite in what is forbidden thereby.
Section 220.30 reads that 11 A person is guilty of criminally selling a dangerous drug in the third degree when he knowingly and unlawfully sells a dangerous drug.”
■Section 220.00 defines a “ dangerous drug ” as “ any narcotic drug, depressant or stimulant drug, or hallucinogenic drug.” (Subd. 4.) An hallucinogenic drug is defined as “ any drug, article or .substance declared to be ‘ hallucinogenic drugs ’ in section two hundred twenty-nine of the mental hygiene law.” (Subd. 3.)
The indictment here charges a sale of lysergic acid diethylamide (LSD), an hallucinogenic drug. Section 229 of the Mental Hygiene Law includes lysergic acid diethylamide among the hallucinogenic drugs.
Section 220.30 and the analogous section 220.10 relating to possession are constitutional. Motion to dismiss the indictment denied.
Motion to Inspect Grand Jury Minutes.
The defendant seeks to inspect the Grand Jury minutes on the ground that (a) the sole testimony before the jury must have been that of the undercover agents and that their testimony is uncorroborated and (b) that there was entrapment in this case.
*261 As to (a) the defendant claims that Thomas and Hamlin 1 ‘ were acting in disguise at the time * * * being disguised as hippies ’ ’ and having participated in the alleged transaction as accomplices, their testimony standing alone is insufficient and illegal as a matter of law.
Only the seller of a dangerous drug, not the buyer, is guilty of the crime of criminally selling a drug. The buyer of a dangerous drug, moreover is not an accomplice of the seller and the buyer’s testimony need not be corroborated, regardless of whether or not the buyer is an undercover agent of the police.
This court has already held in a companion case that entrapment is an affirmative defense to be raised at the trial and matters of defense are not grounds for inspecting Grand Jury minutes.
In the interests of justice, the court has personally examined the minutes and finds therein nothing which would be of the least benefit to defendant on the defense of entrapment. The court finds that there was sufficient legal evidence before the Grand Jury to warrant the presentment. Motion to inspect is denied.
Motion roe Bill or Particulars.
The defendant seeks the following particulars with respect to selling counts:
a(l) The exact place, by street number and name, with a statement as to whether the alleged sale took place indoors or outdoors.
a(2) The alleged consideration received by the defendant for the sale.
a(3) The exact time and date when the alleged sale took place,
a (4) The chemical composition of the drug.
a:(‘5) The full name, address and professional occupation of G. P. Thomas. b(5) of M. E. Hamlin.
a(6) How the defendant knowingly and unlawfully sold the dangerous drug.
a(7) The exact amount of dangerous drug allegedly sold.
With respect to the possession count:
c(l) The exact place where the possession occurred.
c(2) Chemical composition of the drug.
c(3) The exact time and date when the possession occurred.
c(4) Whether Famiglietti’s possession was actual or constructive.
c('5) If possession was actual, on what part of his body was such possession.
*262 c(G) If constructive, a physical description of the premises and places wherein possession took place.
c(7) The factual manner in which it is claimed that defendant knowingly possessed the drug.
c(8) The factual manner in which it is claimed the defendant unlawfully possessed the drug.
c(9) The factual manner of defendant’s “intent to sell.”
c(10) The exact amount by weight and number of the dangerous drug possessed by defendant.
The provision-in the Code of Criminal Procedure which relates to bills of particulars is found in section 295-g of the Code of Criminal Procedure. Although the statute mentions simplified indictments, a bill of particulars may be granted where the long form of indictment is employed. (People v. Palmer, 170 Misc. 475.)
A demand for a bill of particulars should not be the method employed for a discovery and inspection which has no relationship to the indictment itself.
“ The purpose of a bill of particulars is not, however, to enable counsel for the accused to examine the opponent’s case as on a trial, but it shall serve merely as a clarification of certain matters set forth in the indictment.” (People v. Parkinson, 181 Misc. 603, 607.)
Thus, a defendant, under a demand for a bill of particulars, is not entitled to be informed of the precise nature of the evidence of the prosecution or the theory of criminal responsibility intended to be relied upon by the District Attorney. (People v. Courtney, 40 Misc 2d 541.) Matters which are within defendant’s knowledge are not proper subjects for bills of particulars. (People v. Florence, 146 Misc. 152, mod. 146 Misc. 735.) Items which are matters of defense are not to be granted. (People v. Rooks, 35 Misc 2d 598.)
In all cases, bills of particulars rest within the sound discretion of the court. (People v. Giles, 31 Misc 2d 354; People v. Courtney, 40 Misc 2d 541, supra; People v. Matera, 52 Misc 2d 674.)
As to the various items asked for, the following is the ruling:
Items a(l),(3); b(l),(3); c(l), (3).
This court has followed the practice of allowing a defendant more definite information as to time and place. (People v. Jones, 15 Misc 2d 647.) The word “ exact” should be interpreted to mean “ approximated within a reasonable degree of exactitude ”. (People v. Kamps, 4 Misc 2d 518, 519.)
The above items are granted to the extent only of requiring the People to furnish the defendant ‘ ‘ with the approximate *263 times of day or night when, and the approximate places or locations where, the crimes alleged took place.” (People v. Nibbs, 206 N. Y. S. 2d 17.)
Items a(2) and b(2). Denied. The statute defines a sale as ‘ ‘ to sell, exchange, give or dispose of to another, or to offer or agree to do .the same.” (Penal Law, § 220.00, subd. 5.) Consideration is no part of a sale.
Items a(4), a(7); b(4), b(7); c(2) and c(10). Denied. The indictment sufficiently describes the drug as lysergic acid diethylamide, an halucinogenic. The chemical composition, amount or weight are not essential elements to a third degree criminal sale or possession.
Items a(5) and b(5). Denied. It is conceded by the People that Gerald P. Thomas and Michael E. Hamlin are and were police officers acting undercover.
Items a(6) ;b(6); c(4) (5) (6) (7) (8) and (9) are evidentiary in nature. The prosecution is not required to disclose its evidence or state the theory upon which it will proceed. (People v. Courtney, 40 Misc 2d 541, supra.) Denied.
Motion fob a List of Witnesses and fob the Pboduction of the Statements of the Witnesses.
The defendant is not entitled to a list of the witnesses that the prosecution intends to use at the trial. N either is defendant entitled to the original notes of the arresting officers and any and all statements made by the defendant. (People v. Graziano, 46 Misc 2d 936.)
Insofar as the defendant demands any and all statements, there is no claim made that he actually made any statements. The District Attorney is directed to disclose whether he intends to rely upon any admissions or confession of the defendant made after he was taken into custody. If the response is in the affirmative, defendant is entitled to a Huntley-type hearing pretrial by statute.
Motion foe Discoveby and Inspection.
The defendant seeks an order to examine, inspect, copy, photograph or take photostatic copies of any and all charts, records, chemical reports concerning the dangerous drug allegedly sold and possessed by the defendant. Denied. (People v. Perrell, 47 Misc 2d 1024, 1025.)