Alphonso M. La Pera, J.
In two motions numbered C-2638 and C-2639 the defendant seeks the following relief:
A. Inspection of the Grand Jury minutes that led to the instant indictment for legal sufficiency, and dismissal of the instant indictment on the ground that the evidence presented to the Grand Jury was legally insufficient to support the charges therein.
B. A suppression hearing concerning certain statements allegedly made by the defendant to the Attorney-General.
0. A Bill of Particulars.
D. Discovery and inspection of certain statements made by the defendant.
E. The return to the defendant of certain business records now in the possession of the Attorney-General.
F. A “ change of venue.”
G. Dismissal of the indictment on the ground that the Attorney-General is not the proper authority to prosecute this action.
The motions are disposed of as follows:
A. FOR INSPECTION OF GRAND JURY MINUTES AND DISMISSAL OF THE INDICTMENT.
The motion to inspect the Grand Jury minutes is granted to the extent that the court has inspected the Grand Jury minutes in this proceeding, and upon such inspection finds that there is *842 legally sufficient evidence contained therein to support the counts in the indictment. Therefore the companion motion for dismissal based on insufficiency of the Grand Jury minutes is denied.
B. for a hearing to suppress certain statements made by THE ATTORNEY-GENERAL.
The defendant states that he appeared at the office of the Attorney-General on four occasions during the course of an investigation into the Freeport Diagnostic and Treatment Center, conducted pursuant to article 23-A of the General Business Law. The Attorney-General confirms that the defendant appeared four times and testified on each occasion.
The defendant alleges that the Attorney-General denied him the right to counsel on each occasion, and therefore the statements made to the Attorney-General must be suppressed.
The Attorney-General has provided the court with the stenographic minutes of the inception of each session, and these clearly show that the defendant was made aware of the practice of allowing witnesses at these investigations to be accompanied by counsel. On each occasion the defendant acknowledged that he appeared without counsel voluntarily and then proceeded to answer questions.
On only one occasion was there any discussion of why the defendant was without counsel, and this consisted of the following:
mr. eogelson: You are further advised as you have been on numerous occasions that you are entitled at any hearings before this office to have counsel present to represent you. I note for the record you are appearing without counsel. Is that of your own free choice?
mr. sommer: Let me put it this way: The reason I haven’t got counsel is I have no money.
mr. eogelson: Do you wish to adjourn at this moment for the purpose of returning with counsel?
mr. sommer : The only way I can get counsel is if I get some money to give somebody.
(A discussion was held off the record.)
mr. eogelson: !Mr. Sommer, in light .of what you said you have the right and privilege to request an adjournment for the purpose of returning at a later date with counsel. If you would like to proceed at this time without counsel and adjourn at any time during the proceedings for the purpose of returning with counsel that will be acceptable—
*843 mb. sommee: (Interposing) Suppose I return and I still don’t have counsel, would it mean anything prejudicial that I came back without counsel because I couldn’t —
mb. fogelson : No. That’s your choice. I want you to be apprised of the fact you can request an adjournment and I will adjourn at any time during the hearing if you wish to adjourn for the purpose of returning with counsel. Is that understood?
me. sommer: Yes.
After this discussion the defendant proceeded to answer the questions asked him by the Assistant Attorney-General conducting the investigation.
The issue squarely presented is whether a “right” to be assisted by counsel existed when the defendant appeared before the Assistant Attorney-General conducting the investigation into the Freeport Diagnostic and Treatment Center. If there was such a “ right ” the facts, at least as far as one appearance is concerned, are in dispute as to the waiver of the right. In that case a hearing must be held in order to make the finding of facts essential to the determination of the suppression motion. (iCPL 710.60.) If, however, there is no right to counsel in an article 23-A investigative hearing, the grounds set forth by the defendant as the basis for this motion are without merit.
The recently decided case of Matter of Kanterman v. Attorney-General (76 Misc 2d 743) is directly in point. There, Justice Greenfield held (p. 746) that “it is clear that the Attorney-General’s proceeding pursuant to article 23-A of the General Business Law is investigative rather than adjudicative in nature, and there is no constitutional right to the assistance of counsel in administrative proceedings which are purely investigatory rather than adjudicative in nature ”.
Supporting this conclusion are the opinions in Matter of Groban (352 U. S. 330), Matter of Hentz Co. v. Lefkowitz (22 A D 2d 475, mot. to dismiss app. den. 15 N Y 2d 958, affd. 16 N Y 2d 544) and Hannah v. Larche (363 U. S. 420).
The consideration common to all these holdings is the effective investigation of matters of public concern, as differentiated from the adjudication of rights or responsibilities.
“ When governmental action does not partake of an adjudication, as for example, when a general fact-finding investigation is being conducted, it is not necessary that the full panoply of judicial procedures be used.” (Hannah v. Larche, supra, p. 442.)
*844 “ Obviously in these situations [Fire Marshal investigations] evidence obtained may possibly lay a witness open to criminal charges. When such charges are made in a criminal proceeding, he then may demand the presence of his counsel for his defense. Until then his protection is the privilege against self-incrimination.” (Matter of Groban, supra, p. 333.)
It should be noted here that the hearing minutes referred to above contained an explanation to the defendant of his right to refuse to make any self-incriminating statements.
Perhaps most compelling is the reasoning of Judge Rabin in his dissent to Matter of Hentz & Co. v. Lefkowitz (supra). In that case the witness before the Attorney-General in an article 23-A investigation desired to be represented by the same counsel that had represented other witnesses called by the Attorney-General in the same investigation. The Attorney-General refused to allow that particular counsel to represent the witness there on the grounds that to do so would entail a violation of the nondisclosure provisions of the Martin Act (General Business Law, § 352, subd. 5), and that the counsel might find himself in a conflict of interest.
The majority decision held that it was not necessary to reach the question of right to the presence of counsel in the room where the investigation was being conducted, and addressed the narrower issue of right to counsel of one’s own choice. The court held that “ since petitioner was afforded the right to counsel or at least the privilege of counsel, it follows that he had the right to counsel of his own choice.” (22 A D 2d, at p. 477; emphasis supplied.)
Judge Rabin noted that “ The word ‘ right ’ should not be confused with the word 1 privilege ’ ’ ’ and concluded that the Attorney-General could have completely excluded counsel from the proceeding. (22 A D 2d, at p. 478.)
In light of the foregoing discussion this court is of the opinion that the defendant here had no absolute right to be accompanied by counsel as he participated in the investigation, and thus the simple fact that he did not have counsel present does not present an issue of violation of any constitutional right. As noted above, the defendant whs informed of the privilege against self incrimination at the outset of each meeting’, and this is sufficient. (Matter of Groban, supra.) Therefore the motion for a hearing and suppression of the statements made by the defendant to the Attorney-General is denied in all respects.
*845 C. FOB A BILL OF PABTIOULABS.
The defendant has requested that a lengthy list of particulars be provided pursuant to GPL 200.90. That section requires that an application must 1 ‘ allege that the defendant cannot adequately prepare or conduct his defense without such information.” (subd. 2.) The defendant here has made no such showing to the court. Furthermore, the overwhelming majority of the information sought in the application is not the proper subject of a bill of particulars, as authorized by GPL 200.90. (See Practice Commentary to GPL 200.90 by Richard G. Denzer in McKinney’s Cons. Laws of N". Y., Book 11A.) The requests are disposed of as follows:
In “A” defendant requests the exact time and place where the larcenies alleged in counts numbered 1 through 68, inclusive took place. “Exact” has been defined as meaning “ approximated within a reasonable degree of exactitude ” (People v. Ricci, 59 Misc 2d 259, 262). Therefore the Attorney-General is directed to furnish to the defendant, within 20 days from the entry of this order the information here requested to the best of his ability.
The requests for information contained in letters D, E, F, I, M, R, ',S, W, Z, A A, and BB are denied as seeking matters of evidence. (GPL 200.90, subd. 3.)
The requests for information contained in letters B, C, H, J, L, N, Q, T, U, V, X, Y, CC, and DD are denied as seeking to discover the theory upon which the prosecution will proceed at trial. (People v. Courtney, 40 Misc 2d 541, 543.)
The request for information contained in letter G is not the proper subject of a bill of particulars, and is denied. (GPL 200.90, subd. 3, Practice Commentary to GPL 200.90 by Richard G. Denzer.)
The request for information contained in letter K has been agreed to by the Attorney-General in his opposing papers. Therefore the Attorney-General is directed to provide the defendant with the requested material within 20 days of the entry of this order.
The requests for information contained in letters O and P concern material that is a matter of public record, and as such is available to the defendant. If any of the requested material in O and P has been removed from its place of keeping by the Attorney-General he is hereby directed to provide the defendant with copies of such material within 20 days of the entry of this order.
*846 D. DISCOVERY AND INSPECTION OF STATEMENTS OF DEFENDANT.
This request duplicates the defendant’s request under K of bill of particulars request discussed above. As noted the Attorney-General consents to providing a copy of all of the defendant’s testimony before the Attorney-General, and states that this testimony comprises the only statements made by the defendant. Therefore this request is granted, and the Attorney-General is ordered to provide copies to the defendant as per the instruction in K above.
E. FOR RETURN OF CERTAIN BUSINESS RECORDS IN THE POSSESSION OF THE ATTORNEY-GENERAL.
The defendant states that he brought “ his business records ” to the oEce of the Attorney-General and that they remain in the Attorney-General’s possession. The Attorney-General states that no “ personal books, records or documents ” of the defendants were brought to his oEce. There seems to be some semantic confusion concerning exactly what records the defendant seeks. However, the Attorney-General has agreed to permit the defendant to examine the material alluded to under appropriate conditions, or to provide the defendant with copies of the material. Therefore this request is granted to the extent that the Attorney-General is directed to provide the defendant with copies of all records in his possession which were obtained from the defendant, within 20 days of the entry of this order.
F. FOR A CHANGE OF VENUE.
Defendant urges the court that pretrial publicity concerning this indictment and the investigation that led to it require the removal of the trial of the indictment to another county.
CPL art. 230 governs the relief sought. The motion that the defendant desires to make is a motion to remove this action from the County Court of this county, not a “change of venue.” Such a motion must be addressed to the Appellate Division of this Department, not to this court. (CPL 230.20, subd. 1.) Therefore the motion is in all respects denied.
G. FOR DISMISSAL OF THE INDICTMENT ON THE GROUND THAT THE ATTORNEY-GENERAL IS NOT THE PROPER PARTY TO PROSECUTE THIS ACTION.
The defendant alleges, without citing any authority, that the Attorney-General has no authority to prosecute larcenies. He does set forth part of section 358 of the General Business Law to wit; “ The attorney-general may prosecute every person *847 charged with the commission of a criminal offense in violation of the laws of this state, applicable to or in respect of the practices or transactions which in this article are referred to as fraudulent practices.”
This portion of the section provides ample authority in and of itself to deny the defendant’s motion. This is bolstered by a reading of the remainder of the section, uncited by the defendant : “ In all such proceedings, the attorney-general may appear in person or by his deputy before any court of record or any grand jury and exercise all the powers and perform all the duties in respect of such actions or proceedings which the district attorney would otherwise be authorized or required to exercise or perform; or the attorney-general may in his discretion transmit evidence, proof and information as to such offense to the district attorney of the county or counties in which the alleged violation has occurred, and every district attorney to whom such evidence, proof and information is so transmitted shall forthwith proceed to prosecute any corporation, company, association, or officer, manager or agent thereof, or any firm or person charged with such violation. In any such proceeding, wherein the attorney-general has appeared either in person or by deputy, the district attorney shall only exercise such powers and perform such duties as are required of him by the attorney-general or the deputy attorney-general so appearing.”
Thus, the court is of the opinion that the Attorney-General is a proper party to prosecute all of the charges in this indictment, and the motion is, in all respects, denied.