THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ZINA ROOKS, Defendant.

Court of General Sessions of the County of New York, May 24, 1962.

*Frank S. Hogan, District Attorney (Edward M. Davidowitz* of counsel), for plaintiff. *Joel H. Weinberg* for defendant.

IRWIN D. DAVIDSON, J. The defendant is charged in the Court of Special Sessions with the misdemeanors of unlawfully possessing barbiturates and unlawfully possessing a narcotic drug. She moves for multiple alternative relief in the Court of General Sessions. The defendant seeks (1) an inspection of the Grand Jury minutes, the predicate of the information pending in the Court of Special Sessions; (2) an order suppressing the evidence presented before the Grand Jury; or in the alternative (3) a direction that a preliminary hearing be held to show " that the source of the evidence presented to the Grand Jury was illegally obtained "; or in the alternative (4) that an inquiry be made into the basis of the affidavit of the detective upon which the search warrant was issued; and (5) for a bill of particulars.

In view of the fact that the motion to inspect the Grand Jury minutes could only be made in the Court of General Sessions, it is appropriate that this court dispose of the entire omnibus

motion, rather than merely pass upon the sufficiency of the Grand Jury minutes and refer to the Court of Special Sessions all the other relief which the defendant seeks.

With respect to the defendant's claim that the testimony produced before the Grand Jury was insufficient to charge a crime, the motion is in all respects denied. The testimony before the Grand Jury is such that if uncontradicted or undisputed, a trier of the facts would be warranted in returning a verdict of guilt.

With respect to the defendant's application to suppress the evidence that was presented to the Grand Jury, this part of the defendant's motion is denied. There is no proof that an illegal or improper search was made. The alleged contraband seized by the police officers was taken pursuant to a valid search warrant.

The defendant urges, in the event that the evidence is not suppressed, that a hearing be held to inquire into and examine the persons and informants who supplied information which formed the basis of the detective's affidavit upon which the search warrant was issued. Section 793 of the Code of Criminal Procedure provides " [A] search warrant cannot be issued, but upon probable cause, supported by affidavit ". Section 807 of the code provides that the grounds for the issuance of the search warrant may be controverted.

In order to require a hearing, the defendant must show some facts which put in issue and controvert the grounds which prompted the court in issuing the search warrant. No such facts are set forth in the moving papers. The naked claim is there made that the detective's affidavit is based on information and belief, whereas he urges it should be based on specific proof that the property to be seized was positively in the place to be searched. The law makes no such requirement. A search warrant may be issued upon a showing of probable cause. Probable cause does not mean that the officer must possess sufficient admissible evidence to convict a person whom he arrests or searches (*Brinegar* v. *United States,* 338 U. S. 160; *Jones* v. *United States,* 362 U. S. 257). An examination of the detective's affidavit which furnished the basis for issuing the search warrant amply justified the court in determining that there was probable cause for the issuance of the search warrant. Since no facts are set forth in the moving papers which create an issue respecting the grounds upon which the search warrant was issued there is no need to hold a hearing.

The defendant further urges that the objectives sought to be reached by the search warrant were narcotic drugs, or evidence that a felony was being committed. It is claimed that since the

search produced no narcotic drug nor evidence that a felony was being committed, the motion to suppress the evidence thus seized should be granted. In this claim the defendant is in error. The return on the search warrant shows that the officers seized barbiturates and other tablets, some of which when analyzed proved to be methadon, a narcotic drug. Section 1747-b of the Penal Law makes it a crime to unlawfully possess barbiturates. The search conducted by the police officers disclosed the presence of barbiturates in the premises searched. This was sufficient cause to justify the police seizing the barbiturates and charging the defendant with unlawful possession of the same. An officer, making a legal search, may seize instrumentalities of an unrelated crime which is committed in his presence (*Harris* v. *United States,* 331 U. S. 145; *United States* v. *Jankowski,* 28 F. 2d 800).

The defendant's claim that since the amount of narcotic drug seized was of a quantity insufficient to support a felony charge, the evidence should be suppressed. This claim is untenable. Section 1751-a of the Penal Law provides that a person who unlawfully possesses any quantity of a narcotic drug is guilty of misdemeanor. The fact that an insufficient quantity of a narcotic drug to support a felony charge was seized will not affect the validity of the seizure of narcotics of less than felony proportions, where the claim is made that the drugs were possessed illegally.

With respect to the defendant's demand for a bill of particulars, the District Attorney will state the names of the barbiturates allegedly unlawfully possessed by the defendant. Since all of the other items which the defendant seeks are evidentiary in nature, or are matters of defense, his request for particulars respecting those items is denied.