Alexander W. Kramer, J.
Motion by defendant for an order vacating and setting aside the search warrant heretofore issued herein and for the suppression of the evidence seized pursuant thereto.
The affidavit submitted in support of the issuance of the warrant, sworn to by Detective Miller, a member of the Narcotics Squad of the Suffolk County Police, contained the following:
‘ ‘ I have information, based upon my own observation and the observations of other police officers, that crimes of Dangerous Drug Offenses Penal Law Article 200 is being conducted by Robert Hoey from his 1957 Buiclc, two-door sedan, no registration plates thereon, and located at 202 North Clinton Ave., Bay Shore. Subject was observed sitting in said vehicle with known users of dangerous drugs, one known to this Department as Robert King and acting in a manner leading your deponent to believe marihuana was being smoked.
*1084 ‘1 A sample of Cannabis sativa, aka marihuana was obtained from a confidential informant who has been reliable in the past and an asset in the solving of several narcotic cases handled by this Squad. The sample was obtained from the 1957 Buick parked in the driveway at 202 North Clinton Ave., Bay Shore.”
These allegations — per se and standing without contravention— constitute probable cause as a matter of law, sufficient to substantiate the issuance of the warrant.
Is a hearing necessary?
We think not.
Section 807 of the Code of Criminal Procedure provides that: ‘ ‘ If grounds on which the warrant was issued be controverted, the judge, justice or magistrate must take testimony in relation thereto.” A close scrutiny of moving papers fails to reveal any area of pertinent contravention.
It has been held that: “In order to require a hearing, the defendant must show some facts which put in issue and controvert the grounds which prompted the court in issuing the search warrant. No such facts are set forth in the moving papers. s * * An examination of the detective’s affidavit which furnished the basis for issuing the search warrant amply justified the court in determining that there was probable cause for the issuance of the search warrant. Since no facts are set forth in the moving papers which create an issue respecting the grounds upon which the search warrant was issued (People v. Rooks, 35 Misc 2d 598, 600) there is no need to hold a hearing.”
And, it has been further held that: “ Section 807 of the Code of Criminal Procedure is simply a directive to the court to take testimony, ‘ If the grounds on which the warrant was issued be controverted ’. It does not authorize a motion to controvert. Nor does it lay down any limitation as to the grounds for the attack on the warrant — legal or factual. A precise reading of its language would dictate that the attack can encompass the full gamut of law and facts. The latter, on which testimony is directed to be taken, may well give rise to the questioning of the warrant on legal grounds. Testimony itself may conceivably be received only on the facts.” (People v. Brown, 40 Misc 2d 35, 37; emphasis supplied.)
In People v. Bolimine (18 N Y 2d 477, 479) decided by the Court of Appeals on December 29, 1966, the. court alluded to a determination of the lower court as follows: “ Judge Waltemade denied the motion to suppress without a hearing on the ground that there was no factual evidence to be considered at a hearing. That decision is correct. ’ ’ For the foregoing reasons, the motion is denied.