John A. Gallucci, J.
This is an application by defendants to suppress the use in evidence of any property seized by the People pursuant to a search warrant dated December 8, 1971, and in the alternative, that a hearing be conducted to determine the admissibility in evidence of any such property.
The defendants are charged in a long-form indictment with the crime of criminal possession of a dangerous drug in the third degree.
The papers submitted upon this motion, including the subject search warrant and affidavits in support thereof, disclose the following factual background:
On November 29, 1971, two first class letters mailed from Bogota, Columbia were received by the United States postal authorities in New York City. One was addressed to “ J. Richardson, c/o P.O. Box 18, Jones Street, Tomkins Cove, New York”, and the second was addressed to “ John Herman, c/o Apostle, 330 Route 304, New City, New York ”. The Bureau of Customs, in accordance with part 9 of title 19 of the Code of Federal Regulations, inspected the letters and each was found to contain cocaine.
On December 2,1971, Michael Levine and G-eorge A. Sweikert, agents of the Bureau of Customs, informed John D. Crodelle, an investigator of the New York State Police, that the Herman letter had been inspected and contained cocaine.
Investigator Crodelle then attempted, but was unable to discover either the person or presence of John Herman in Rockland County. However, he did learn that a registered letter in the name of John Herman had been accepted at the Apostle residence by an unknown female. His investigation of the official files of the Federal Bureau of Narcotics and Dangerous Drugs also disclosed that during a narcotics investigation conducted in August, 1970, the Apostle residence and unlisted telephone number were given as a location where dangerous drugs could be purchased.
On December 6,1971, two more first class letters arrived from Bogota, Columbia. One was addressed to “Bill Sanders, c/o *702 Yusko, 65 Phillips Hill Road, New City, New York”, and the other was a second letter addressed to “John Herman, c/o Apostle, 330 Route 304, New City, Ne^York ”. The additional letters were also inspected by Customs in accordance with its regulations, and were also found to contain cocaine.
On December 6, 1971, Agent Levine then informed Investigator Crodelle that the Herman letter which had been inspected on November 29, 1971, would be delivered to the New City, New York Post Office Department on December 8, 1971 for ^ delivery to John Herman, c/o Apostle or to any person author- ' ized to receive Herman’s mail.
On December 8, 1971, prior to the delivery of the Herman letter, Investigator Crodelle obtained a search warrant. The warrant was supported by the affidavits of Agent Levine and Investigator Crodelle and directed a search of the Apostle residence and any person found in the residence. Following delivery of the Herman letter, the search warrant was executed. Property was seized, the defendants arrested, and thereafter indicted.
The defendants contend that any property seized must be suppressed on the grounds (a) that the Customs inspection of the first class letters without a search warrant was unlawful ; and (b) that the search warrant was issued without probable or reasonable cause.
They claim that the supporting affidavits are based on hearsay and fail to establish either the commission of a crime or presence of1 contraband at the Apostle residence at the time of the issuance of the search warrant.
The People oppose the defendants’ motion as without merit.
It is fundamental that citizens are expressly guaranteed the right to be secure against unreasonable or unwarranted government searches of their person and property. (U. S. Const., 4th Arndt.) Any abridgement of this right requires, therefore, that there must be a proper showing of probable or reasonable cause for the issuance of a search warrant. (CPL 690.35, subd. 2, par. [b]).
The defendants’ motion .raises the basic issue of whether “ reasonable ” or “probable” cause was present before the issuing Magistrate on December 8, 1971, to legally authorize a search of the Apostle residence and all persons found therein. Since it is undisputed that the finding of cocaine by the Bureau of Customs on November 29, 1971 in the Herman letter initiated the subsequent .State police investigation and obtaining of the search warrant, the first issue to be determined is whether *703 the opening and inspection of the Herman letter by Customs without a warrant, was lawful or unlawful.
The defendants contend that the Customs inspection was an unlawful invasion of the privacy of first class mail in violation of applicable postal regulations. It was well settled, however, that “the standards applicable to mail matter moving entirely within the country are not applicable to mail matter coming in from outside the country at least where it appears that a customs determination must be made.” (United States v. Beckley, 335 F. 2d 86, cert. den. sub nom. Stone v. United States, 380 U. S. 922; United States v. Sohnen, 298 F. Supp. 51; United States v. Swede, 326 F. Supp. 533). Customs regulations and court decisions, both Federal and State, recognize the distinction between domestic and foreign mail, and expressly permit an inspection of foreign articles without a search warrant (see Customs Regulations, Code of Fed. Reg., tit. 19, part 9; United States v. Sohnen, supra; United States v. Swede, supra; People v. Schatz, 66 Misc 2d 381). The judicial distinction between domestic and foreign mail and the Government’s legitimate need to inspect all foreign first class articles, including letters, in order terdetermine whether dutiable or prohibited articles are being imported, has recently been further implemented by Customs and Postal Regulations authorizing Customs inspection of all foreign nongovernmental first class letters. (See Postal regulations in Code of Fed. Reg., tit. 39, part 61, and Customs Regulations.in Code of Fed. Reg., tit. 19, part 9, as amd. eff. June 22, 1971).
Accordingly, the court finds that the Bureau of Customs was lawfully authorized on November 29, 1971 and December 6, 1971, to open and inspect the first class Herman letters, and that the defendants’ claim of an illegal customs inspection is without merit.
The next issue to be determined is whether the supporting affidavits of Agent Levine and Investigator Crodelle presented reasonable or probable cause for the issuance of the search warrant on December 8, 1971.
As stated by the Court of Appeals in People v. Marshall (13 N Y 2d 28, 34), “ Probable cause exists when there is reasonable ground of suspicion supported by facts and circumstances .strong enough in themselves to warrant a cautious man in the belief that the law is being violated on the premises to be searched.”
The court has carefully reviewed the affidavits and finds that reasonable or probable cause for the issuance of the search *704 warrant was present. The affidavit of Agent Levine specifically sets forth the Customs inspection of the Herman letters on November 29, 1971 and December 6, 1971, and the finding of cocaine in each letter. The affidavit of Investigator Crodelle is based upon his own official investigation of the addressee, John Herman, and his finding that registered mail to John Herman had been accepted at the Apostle residence, and, further, that the Apostle residence was listed in the official files of the Federal Bureau of Narcotics as a given address where dangerous drugs could be purchased. The affidavits clearly established that four foreign letters, all arriving from Bogota, Columbia, were addressed to named addressees in Rockland County, care of a specific residence and that each letter contained a dangerous drug. Taken together, the affidavits present a totality of circumstances by which a Magistrate could reasonably conclude that dangerous drugs would be found at the Apostle residence.
In addition, the supporting allegations are upon the personal knowledge of Agent Levine, and, further, are upon investigator Crodelle’s own investigative work and the official files of the Federal Bureau of Narcotics.
Testing and interpreting the facts ,set forth in the affidavits in a common sense and realistic fashion, the court finds that the affidavits .set forth probable or reasonable cause for the issuance of the search warrant on December 8, 1971. (United States v. Ventresea, 380 U. S. 102).
The fact that the affidavits disclosed that dangerous drugs, namely, cocaine, would be found on the Apostle premises after the issuance of the search warrant, and not specifically at the time of the issuance of the warrant itself, did not negate the underlying showing of probable or reasonable cause. (People v. Baker, 37 A D 2d 139.)
Since there are no issues of fact which need be considered by the court to establish probable cause for the issuance of the search warrant, no hearing is required. (People v. Solimme, 18 N Y 2d 477; People v. Hoey, 54 Misc 2d 1083).
Accordingly, the defendants’ motion for the suppression of evidence, and in the alternative, for a hearing thereon, is denied.