■ CARYN Y. ROBBINS, a Minor, by YVONNE RUSSELL-FARROW, Her Mother, et al., Respondents, v. HAROLD RUBIN, Also Known as HAROLD ROBBINS, Appellant, and COMMISSIONER OF MENTAL HYGIENE OF THE STATE OF NEW YORK et al., Defendants.— Order, Supreme Court, New York County, entered on April 23, 1973, *inter alia,* directing defendant to appear for further examination, affirmed. Respondents shall recover of appellant $40 costs and disbursements of this appeal. Quite aside from the fact that defendant's failure to appeal the denial of his motion for a protective order would alone warrant affirmance of the instant order on appeal, the extent of a father's obligation to support his child is measured by his means as well as the child's needs. (Family Ct. Act, § 413; *Matter of Silvestris* v. *Silvestris,* 24 A D 2d 247.) Since the father's current resources are a critical determinant of the amount of such support, and any substantial change thereof may serve as the basis for future modification

(*Matter of Handel* v. *Handel,* 32 A D 2d 946, affd. 26 N Y 2d 853), appropriate pretrial inquiry with respect thereto may not be foreclosed by the father's concession that he has the financial means to meet his child's judicially determined needs.  Concur — Markewich, J. P., Murphy, Lane and Tilzer, JJ.  Kupferman, J., dissents in the following memorandum: The defendant-appellant is a well-known and well-to-do author.  Plaintiffs concede the defendant is "wealthy".  He has heretofore indicated his willingness to support the minor plaintiff, reasonably contesting only the amount requested on her behalf by her mother.  This court has heretofore reduced the amount of interim support from $400 to $200 a week, not based on any contention as to ability to pay, but on the question of the legitimate needs of the minor plaintiff.  (*Robbins* v. *Rubin,* 40 A D 2d 656.)  We there stated: "It appears that defendant, although a nonresident, has considerable reachable assets in the State of New York.  Furthermore, the record clearly shows that defendant has voluntarily paid large sums for the child's support and that he has never violated any order of the court."  Defendant has stipulated that "he   *   *   *   has the financial means to meet his lawful obligations of support."  (See *Borchard* v. *Borchard,* 5 A D 2d 472, 477, 988; *Elkon* v. *Elkon,* 59 Misc 2d 259.)  We have here the question of whether defendant-appellant must appear to be examined on his financial resources and manner and mode of living.  His original application to vacate a notice of examination was denied and he was directed to appear.  He then appeared and agreed to produce a substantial amount of material such as his apartment lease and his relationship with the minor plaintiff's expenses, but balked at producing his financial records, tax returns, etc.  By co-operating and not appealing in the first instance he did not waive his original contention that his financial records need not be made available.  In this matter where the relationship between the mother of the minor plaintiff and the defendant is necessarily strained, the defendant should not be subjected to harassment when he concedes his ability to pay.