### (May 11, 1978)

■ In the Matter of CAROL L. KELLY, Respondent, v HENRY L. LEONARD, JR., Appellant.—Appeal, by permission, from an order of the Family Court of Greene County, entered January 17, 1977, which increased support payments for petitioner's three children, and granted judgment in favor of the petitioner for arrears. Family Court, by order dated August 5, 1975, directed appellant to pay the sum of $75 per week for the support of his three children in petitioner's custody. On October 27, 1976, petitioner sought a modification of the support order to increase the payments for her three children to $150 per week. Appellant had been paying the sum of $230 per month instead of the required $300. Petitioner alleged a change of circumstances in that she had to reduce her working time to 30 hours per week due to poor health, resulting in a reduction in her salary, and also that the cost of living had gone up. The court held a hearing on the petition on January 17, 1977. The testimony indicates that petitioner had a net weekly income of approximately $100, and that the needs of the children came to $107 per week. The appellant was earning a net of $255 per week as a boat captain for 30 weeks out of the year, the sum of $510 annually from the rental of an apartment, plus the sum of $2,200 from unemployment insurance, or a total net annual income of $10,300. He also testified to total annual expenses of $13,500. Appellant further owns a half interest in a house located in Belmar, New Jersey, which was worth $45,000 when he purchased it, and he had been the owner of a fishing boat valued at $45,000 to $50,000 which he transferred to his present wife in November, 1975,

about one month after his second marriage. The Family Court determined that appellant was accountable to be gainfully employed in accordance with his capabilities (Family Ct Act, § 413). "The duty to support is not limited to the husband's means; it also includes his ability 'to earn such means'" *(Hoffman v Hoffman,* 63 Misc 2d 245, 246). The Family Court also determined that, prior to his divorce, appellant had established a certain mode of living to which his children are now entitled. "The extent of a father's obligation to support his child is measured by his means as well as the child's needs." *(Robbins v Rubin,* 42 AD2d 560.) The court's increase of the support payments to the sum of $32 per week for each child is a reasonable allowance under the circumstances. Upon a review of the record in its entirety, we cannot say that the Family Court abused its discretion, and its order should be affirmed. Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Main, JJ., concur.