Emmett J. Schnepp, J.
This motion is made by the respondent to dismiss the summons, petition and all proceedings herein, *1018 upon the ground that the summons and petition were not issued in compliance with section 736 of the Family Court Act. It is respondent’s contention that the issuance of the summons by the court Clerk rather than a Family Court Judge renders this proceeding invalid, and that the term ‘ ‘ court ’ ’ used in section 736 of the Family Court Act should be interpreted to mean ‘ ‘ Judge ’ ’. He further argues that since a juvenile may be detained after the filing of a petition, upon certain findings by the court, there must be a finding of probable cause by the court before a summons is issued in the first instance, or otherwise a violation of the due process provisions of State and Federal Constitutions results. A determination of the proper method of issuing the summons in a juvenile delinquency proceeding is the only question before the court.
Family Court is a civil court and where the method of procedure in any proceeding in which it has jurisdiction is not prescribed, the provisions of the CPLB apply to the extent they are appropriate to the proceedings involved (Family Ct. Act, § 165). Thus the proceedings in Family Court and specifically those in article 7 thereof are not criminal in nature, and the purpose of this article is to provide due process of law for considering and disposing of such proceedings (Family Ct. Act, § 711). It has been held, however, that the provisions made for the protection of the rights of juveniles charged with juvenile delinquency are indicative of a legislative determination that such proceedings are “ quasi-criminal in nature ” and that respondents are entitled to the requirements of due process of law as set forth in the State and Federal Constitutions and as prescribed by the State Legislature (Matter of Gregory W., 19 N Y 2d 55).
There is no question that due process requirements to which juveniles are entitled include, among other things, the privilege against self incrimination, the right to counsel, a fair trial, and adequate notice designed to afford a reasonable opportunity to prepare for scheduled court hearings on alleged acts of misconduct set forth with particularity (Matter of Gault, 387 U. S. 1). A summons is the instrument used to commence a civil action or special proceeding and is a means of acquiring jurisdiction over a party. A statutory provision for service of the summons in a civil action must be such as to render it reasonably probable that the person proceeded against will be apprised of what is going on against him and will have reasonable opportunity to defend, otherwise the proceeding may be challenged as in violation of the due process requirements. (3 CarmodyWait 2d, New York Practice, § 24:1.) Once a person appears *1019 in the proceeding, it is obvious that the notice itself becomes unimportant, and no claim of a denial of due process because of a lack of notice, can be validly interposed. Following the general appearance of a defendant in a civil proceeding, it is unimportant how process was served or that it was served at all, and by appearing, all objections to the regularity or sufficiency of the service of process is waived. (4 Carmody-Wait 2d, New York Practice, § 26 :36; Family Ct. Act, § 736.) Under the Family Court Act the due process requirement of notice is satisfied by the service of the summons and petition upon the respondent and other persons specified (Family Ct. Act, § 736). There is nothing in the Federal or State Constitution requiring the issuance thereof by a Judge as an essential of due process, and no cases have been cited or found which require such judicial action. The respondent is not deprived of any right by the service of the petition and summons, including the right to question the sufficiency of the petition, the jurisdiction of the court, to contest issues relating to necessary findings at any detention hearing under the Family Court Act, or to have reasonable opportunity to defend.
A warrant, however, which, upon service, deprives an individual of his liberty, is a different matter, and the Family Court Act sets up necessary conditions which must be found to exist prior to its issuance. (Family Ct. Act, § 738.) This is in line with constitutional due process requirements that no warrant shall issue, but upon probable cause supported by oath or affirmation. (N.Y. Const., art. I, § 12; U.S. Const., 4th Arndt.) The Family Court Act notes this difference by providing that, on the filing of a petition, the court may cause a copy of the summons and petition to be issued under section 736 of the Family Court Act, requiring an appearance at a time and place named to answer the petition, and under section 738 of the Family Court Act the court may issue a warrant when it appears that certain conditions are found to exist.
Thus in the case of the warrant the use of the term “ court ” by the Legislature may be construed to mean “ Judge ”, because to make some finding contemplates the holding of a hearing, and the exercise of judicial discretion. However, the issuance of a petition and summons designed to provide notice only, does not require any finding or the exercise of any judicial discretion or determination, and this is truly a ministerial act, which can be performed by a Clerk, and in that sense when the Legislature used the term “ court ” it did not intend to import “ Judge ”.
*1020 Counsel calls attention to the committee comments in the annotations under section 736 of the Family Court Act, which state that the section follows section 72 of the Domestic Relations Court Act and section 11 of the Children’s Court Act. Examination however, reflects the use of different terminology. The repealed section 72 states: “ Upon the filing of a petition the justice may, either forthwith or after an investigation which he may direct to he made, cause a summons to he issued ”, and the repealed section 11 states: ‘ ‘ Upon the filing of a petition, the judge may either forthwith or after investigation cause a summons ”. Certainly that portion of section 736 of the Family Court Act under examination does not follow the quoted part of the repealed sections, and if the Legislature intended that a petition and summons may be issued only by a judge it could have very easily followed the language of the repealed sections, and used the word “ Judge ”.
Under present day judicial holdings and statutory requirements respecting the rights of juveniles, such procedure, which permits and almost directs a Judge to gain access ex parte to the facts of a case prior to adjudication, would violate the basic requirements of due process and fairness to which a juvenile is entitled. A Judge under such conditions actually participates in the accusatory process of the case, and these provisions of the repealed statutes, if they were now in effect, would undoubtedly be held to be unconstitutional.
Further, the same general language relating to the issuance of a petition and summons and warrant appears in the Family Court Act articles dealing with neglect, support, juvenile delinquents, persons in need of supervision and family offense proceedings. (Family Ct. Act, §§ 335, 337; 426, 428; 736, 738; 825, 827.) In construing a statute, it is to be presumed that the Legislature intended to enact only that which is reasonable, and, if susceptible of two constructions the court should adopt that which avoids unreasonableness or absurdity. Accordingly, it is always legitimate to show that one construction will lead to hardships which another will avoid. (56 N.Y. Jur., Statutes, § 211, p. 669.)
It does not seem reasonable that the Legislature intended to burden Family Court Judges with the unnecessary duty to examine each petition in each new neglect, support, family offense, juvenile delinquent and persons in need of supervision proceeding, the number of which totalled 66,710 in the State from July 1, 1966 through Jone 30, 1967, (Thirteenth Annual Report of N. Y. Judicial Conf: ence, p. 383) and in each case make a judicial determination k meeting the sufficiency of the *1021 petition, including a finding of probable cause, before in each case personally issuing the petition and summons.
For the reasons stated, the motion is denied and the matter restored to the calendar on June 11,1968 at 11:30 a.m., or as soon thereafter as counsel can be heard for further proceedings in accordance with the Family Court Act.