Jacob T. Zukermast, J.
A motion was made by the respondent in this juvenile delinquency proceeding to preclude the petitioner from giving evidence as to the items concerning which particu *143 lars had not been provided pursuant to a demand for a bill of particulars. A cross motion was made by the petitioner for an order vacating the notice for the bill of particulars. The petitioner contends that bills of particulars are inappropriate to delinquency proceedings.
The question is whether a bill of particulars may be required in a juvenile delinquency proceeding. Section 165 of the Family Court Act states that: ‘ ‘ Where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed by this act, the procedure shall be in accord with rules adopted by the administrative board of the judicial conference or, if none has been adopted, with the provisions of the Civil Practice Act to the extent they are suitable to the proceeding involved.” (Emphasis added.)
The Administrative Board of the Judicial Conference has not adopted any rules dealing with discovery devices in the Family Court proceedings.
CPLB 3042 (subd. [a]) states: “A request for a bill of particulars * * * shall be made * * * stating the items concerning which such particulars are desired. * * * If no such motion [to vacate] is made the bill of particulars shall be served within ten days after the demand CPLB 3042 (subd. [c]) states: “In the event that a party fails to furnish a bill of particulars * * * the court * * * may preclude him from giving evidence at the trial of the items of which particulars have not been delivered.”
It has been held that a juvenile delinquency proceeding is not wholly a civil matter. As pointed out by Judge Keating in Matter of Gregory W. (19 N Y 2d 55), a delinquency proceeding is at the very least quasi-criminal in nature and due process requirements of the Constitution should apply to such proceedings. While section 165 of the Family Court Act states that the procedure should be in accord with the provisions of the Civil Practice Act, the quasi-criminal nature of the juvenile delinquency proceeding requires that we look at the Code of Criminal Procedure to determine if this procedure is suitable to the proceeding involved.
Section 295-g of the Code of Criminal Procedure states:
‘ ‘ Upon the arraignment of the defendant, or at any later stage of the proceedings, the court shall, at the request of the defendant, direct the district attorney to file a bill of particulars of the crime charged.”
Matter of Gault (387 U. S. 1 [1967]) recognized that various of the Federal constitutional guarantees accompanying ordinary *144 criminal proceedings were applicable to State juvenile court proceedings where possible commitment to a State institution was involved. (Matter of Whittington, 391 U. S. 341 [1968].) It has been the trend since Gault to consider the quasi-criminal nature of the juvenile delinquency proceedings and to recognize the effect that a finding in such a hearing has on the personal liberty of the respondent and to increasingly extend more of the constitutional guarantees of due process to the juvenile.
Section 711 of the Family Court Act states: “ The purpose of this article is to provide a due process of law (a) for considering the claim that a person is a juvenile delinquent ”. Is a bill of particulars part of the due process of law which section 711 seeks to provide?
The purpose of the bill of particulars in a criminal case is to clarify the matter contained in the indictment (People v. Ricci, 59 Misc 2d 259), and to allow the defendant an opportunity to prepare his defense. The bill of particulars serves the same function in a quasi-criminal proceeding.
A bill of particulars is appropriate where justice demands that the party be apprised of matters charged with greater particularity than is required by rule of pleading. (People v. Florence, 146 Misc. 735 [1933].)
If full meaning is to be given to section 165 of the Family Court Act, discovery should be granted to the extent it is appropriate in juvenile delinquency proceedings. (Matter of Edwin R., 60 Misc 2d 355.) As a matter of constitutional right, either under specific “ right to know ” or general due process clauses, a child brought before a juvenile court is entitled to a clear statement of the nature and cause of the proceedings against him so that he can prepare his defense. (Constitutional Eights in Juvenile Courts, 46 Cornell L.Q. 387,1961.)
In California, the Juvenile Court is authorized to ‘ ‘ order such further notice [beyond the petition] of the proceedings to be given as the court may deem proper.” (Cal. Welfare and Institutions Code, § 726) and the California courts have held that: The first demand of due process in a juvenile court proceeding requires that the minor and his parents or guardians be given clear notice of the alleged misbehavior with adequate specificity and ample time to prepare their defense to the State’s allegation. (Matter of Florance, 47 Cal. 2d 25 [1956].)
Other juvenile courts in New York State have also spoken of the need to make the charges against the juvenile as specific as possible.
*145 ‘ ‘ There is no question that due process requirements to which juveniles are entitled include among other things * * * ade-
quate notice designed to afford a reasonable opportunity to prepare for scheduled court hearings on alleged acts of misconduct set forth with particularity.” (Matter of Dell, 56 Misc 2d 1017,1018 [Monroe County, 1968]; emphasis added.)
Furthermore, the extension of constitutional due process rights to juveniles makes the bill of particulars increasingly more necessary to effectuate those rights. For example, a juvenile respondent has the right to suppress any statement made by him which was not voluntary. (Matter of Nelson, 58 Misc 2d 748 [1969].) If this is so, counsel should be able to effectuate this suppression by examining any statements made by the juvenile respondent in advance of trial, particularly when a juvenile because of lack of intelligence or immaturity may have no recollection of whether he, in fact, made such statements. (Matter of Edwin R., supra.) A bill of particulars is one way of acquiring information as to whether such statements have been made, whether respondent’s parents were present at the time, and whether the statements were voluntary.
Thus a bill of particulars can be viewed as the means of acquiring the information necessary for the protection of the constitutional due process rights that are increasingly being granted to juveniles, or as itself an important element of due process. Either way it is appropriate to the juvenile delinquency proceeding.
The petitioner raises the question as to the practicability of requiring bills of particulars in the Family Court. He argues that because often petitioners appear without attorneys, this might discourage lay persons from exercising their rights to bring a complaint in the Family Court. I do not believe that this is a tenable argument. If a bill of particulars is justified because it is necessary to the defense, it is justified whether or not the petitioner is represented by counsel.
Accordingly, I find that the respondent is entitled to make a demand for a bill of particulars in this proceeding. The cross motion to vacate the demand is denied.
As to the specific items I believe that much of the information requested is already available to the respondent through the memorandum of law submitted by the attorney for the petitioner. As to the other particulars requested, I will allow the petitioner to provide such information at the hearing. Thus the motion to preclude is denied on condition that the information still not made available be provided on or before the date of the hearing.