Joseph A. Doran, J.
The petition in this delinquency proceeding (Family Ct. Act, § 711 et seq.) charges the respondent — a 14-year-old boy — with the commission of .acts which, if done by an adult, would constitute the crimes of burglary (Penal Law, § 140.20) and criminal possession of stolen property (Penal Law, § 165.40).
The respondent now moves for an order of preclusion since the petitioner has failed to comply with his demand for a bill of particulars. The demand is improper in that it seeks information in the nature of evidence rather than particulars of the accusation. (Cf. People v. Ricci, 59 Misc 2d 259, and cases cited.)
The respondent here relies on Matter of Edgar L. (66 Misc 2d 142, 145) in which the court upheld the right to a bill of particulars, but nevertheless denied a motion to preclude ‘‘ on condition that the information * * * be provided on or *762 before the date of the hearing.” The court (p. 144) posed the question: “Is a bill of particulars part of ¡the due process of law which section 711 [Family Court Act] seeks to provide? ” It plainly is not a prerequisite in a case where, as here, the petition sets forth a concise statement of the alleged delinquent behavior “ specifying the act and the time and place of its commission” in accordance with the statute (Family Ct. Act, § 731; Form 7-6). This fully satisfies the requirement of due process as to notice of the charge with adequate specification to allow the respondent an opportunity to prepare his defense (see Matter of Gault, 387 U. S. 1 ; Matter of Dell, 56 Misc 2d 1017, 1018 ; Matter of Florance, 47 Cal. 2d 25).
While a delinquency proceeding has been described as being “ at the very least quasi-criminal in nature ” (Matter of Gregory W., 19 N Y 2d 55, 62), it has also been held that ‘ ‘ Family Court procedure is not governed by the Code of Criminal Procedure ” (Matter of D. [Daniel], 27 N Y 2d 90, 95). This leaves it to the CPLR to the extent that its provisions are ‘ ‘ appropriate ” in the absence of rules by the Administrative Board of the Judicial Conference prescribing a “method of procedure” (Family Ct. Act, § 165, as amd by L. 1963, ch. 809, § 3).
The practical problems in adapting the procedural provisions of the CPLR to a delinquency proceeding have been recognized in such cases as Matter of Edwin R. (60 Misc 2d 355) and Matter of Joseph P. (60 Misc 2d 697). It takes only a casual reading of article 30 of the CPLR (Remedies and Pleading) to see that it was not designed for this type of case and requires some accommodation of its provisions relating to a bill of particulars (CPLR 3041-3044) to make them “appropriate” to such proceeding.
There appears to be neither rule nor authoritative decision as to a “method of procedure” that is “appropriate” for obtaining a bill of particulars in a delinquency proceeding. It remains for the court to determine the .same in light of practical difficulties and establish legitimate limits to be observed in balancing the rights of the parties — petitioner and respondent— according to “ the necessities of justice ” in the case (see People ex rel. Lemon v. Supreme Ct., 245 N. Y. 24, 33). The principle of fairness cuts both ways to reconcile their interests within proper limits in the furtherance of justice.
Accordingly, this court holds that a respondent seeking particulars of the charge against him should be required to proceed by motion rather than demand in a delinquency case (see CPLR 3042, subd. [b]). This is the method of procedure in a criminal case, and it is altogether ‘ ‘ appropriate ” for a “ quasi-crimi *763 nal ” type of proceeding. It brings the merits of the application before the court in the first instance and places the burden where it belongs on the moving party. It also minimizes the risk of tactical harassment of the petitioner in such case, as here, who should not be obliged to move for vacatur or modification of the notice or demand on papers specifying his objections (see CPLR 3042, subd. [a]). This seems somewhat futile and unfairly burdensome — especially since the petitioner has had little or nothing to do with the preparation or draftsmanship of the pleading at the “ intake ” level. To emphasize the point, it is not too much, perhaps, to inquire who is to be given the responsibility of preparing a bill of particulars for the petitioner appearing in person in matters of this kind.
When it comes to consideration of the merits, it is permissible in a “ quasi-criminal ” matter to look to the decisions in criminal cases for the applicable principles that govern the right to a bill of particulars in the exercise of discretion according to the circumstances. (See People v. Matera, 52 Misc 2d 674, 680-684, and cases cited.) Thus, a defendant is not necessarily entitled to particulars of an indictment in the common-law or long form (Code Crim. Pro., §§ 275, 276) that contains a plain and concise statement of the act constituting the crime (People v. Keohane, 201 Misc. 597), and for a “ simplified indictment ” it is sufficient if the statutory form of bill (see Code Crim. Pro., §§ 295-g-295-i) sets forth the bare essentials necessary to give reasonable information as to the nature and character of the crime with date and place of its commission (see People v. Bogdanoff, 254 N. Y. 16, 24 ; People v. Courtney, 40 Misc 2d 541, 543). It may be added that the new Criminal Procedure Law (as enacted by L. 1970, ch. 996, eff. Sept. 1, 1971) enlarges the statutory scope for particulars where necessary to prepare a defense conformable to the decisions in criminal cases, but does not allow for discovery of information that is evidentiary in nature (see § 200.90).
Here, as already indicated, the petition is concise and specific in its statement of the delinquent acts allegedly committed by the respondent with time and place of occurrence so as to enable him to make a defense. This is enough, and more is not required in the way of particulars by Constitution, statute or decisional law. While there are cases which say that a juvenile is entitled to no less protection than an adult charged with crime under due process and equal protection standards (see, e.g., Matter of Gault, 387 U. S. 1, supra ; Matter of Arthur M., 34 A D 2d 761 ; Matter of Stephen B., 30 A D 2d 442 ; Matter of William L., 29 A D 2d 182), no case has said that he is entitled to more at the pretrial stage of development in a “ quasi-criminal” pro *764 ceeding. It will be the rare and exceptional case to warrant a bill of particulars of the charge in a delinquency proceeding where the petition has been properly drawn in the manner provided by law (see Family Ct. Act, § 731 ; Form 7-6). There is ample room for judicial caution and restraint in this area and also the exercise of discretion in the interests of justice when the circumstances call for it.
The motion for an order of preclusion herein is denied.