OPINION OF THE COURT
Loren N. Brown, J.
By notice of motion, dated July 16,1983, and supporting papers, the defendant moves for various forms of relief, one of which in the opinion of the court is most significant.
The defendant requests an order requiring the People to furnish a bill of particulars containing certain specified information. The People oppose the request on the grounds that the defendant did not make a timely demand pursuant to CPL 200.95, that the defendant has failed to allege facts necessary to support the demands, and that the requests are beyond the scope of a bill of particulars. Each of the People’s objections are well founded, though only the first objection need be examined in depth.
Effective October 20, 1982, CPL 200.90 was replaced by CPL 200.95, and an entirely new framework for providing a bill of particulars. In recognition of the judicial delays caused by unnecessary motions (see Governor’s memorandum approving L 1982, ch 558, dated July 22, 1982), the new procedure provided for the filing of the bill merely upon a timely request. A request is timely if made within 30 days of arraignment on the charge and before trial. Only if this procedure is tried and fails does motion practice become available. To hold, as the defendant suggests, that he may now move for a bill of particulars though no *1093 timely request was made for voluntary service of a bill would be to ignore the thrust of the change in procedure. In a practical sense, to allow the motion would be to recognize no change in procedure at all. Movants could routinely disregard the new procedure with no penalty.
The motion for an order requiring a bill of particulars is, therefore, denied.