*899 OPINION OF THE COURT
Gilbert Rabin, J.
Defendant, by this instant motion, seeks discovery and inspection pursuant to CPL article 240, a bill of particulars pursuant to CPL 100.45 and dismissal pursuant to CPL 170.30. Defendant’s motion is denied as to the discovery and inspection and bill of particulars branches of the motion and is granted as to dismissal under CPL 170.30 for reasons more fully stated herein.
CPL 240.40 deals with discovery motions and delineates those instances where discovery is warranted when a defendant is charged by a simplified information (as defined in CPL 100.25) charging a traffic infraction. In order for defendant to be successful in his motion for discovery under CPL 240.40 a simplified information charging defendant with a misdemeanor must be pending. Since this is not the case, defendant’s request for discovery and inspection is denied.
Defendant’s request for a bill of particulars must likewise be denied. CPL 100.45 (4) enumerates those instances wherein the provisions of CPL 200.95 dealing with bills of particulars are applicable. Inasmuch as CPL 100.45 (4) is devoid of any reference to a simplified information, it is the opinion of this court that the Legislature made a conscious effort to exclude simplified informations from the provisions of CPL 200.95. Furthermore, Laws of 1970 (ch 996), which repealed the Code of Criminal Procedure (CCP), and replaced it with the Criminal Procedure Law, contained a distribution table which listed those sections of the CCP from which the new sections of the CPL were derived. Those cases, which in the past held that bills of particulars were warranted in traffic offense cases, were decided under Code Criminal Procedure § 147-g. In 1970, that section was replaced by CPL 100.25 (2). This particular section deals with supporting depositions and hence it can be inferred that the Legislature made a determination to exclude bills of particulars in those cases, including traffic offenses, where a simplified information is used as the accusatory instrument and to replace bills of particulars in cases involving simplified informations with supporting depositions.
Defendant’s last request is for dismissal under CPL 170.30 on the grounds that the supporting deposition is defective. Under CPL 100.20, a supporting deposition must be a written instrument subscribed and verified by a person other than the complainant in the accusatory instrument and it *900 must contain factual allegations of an evidentiary character which supplement those of the accusatory instrument and support or tend to support the charge therein. In the instant case, the supporting deposition tendered by Officer Schutta is defective in that the allegation of a violation as to Vehicle and Traffic Law § 1180 (d) is unsubstantiated. Nowhere in the supporting deposition does Officer Schutta state whether his determination of excessive speed is based on personal observation or by a mechanical means or a technical device. In view of same, this court holds that this supporting deposition is defective and renders the simplified information insufficient on its face. The charges contained in the simplified information are dismissed.