OPINION OF THE COURT
Harold Lieberman, J.
On October 6, 1987, defendant was charged by simplified traffic information with driving while ability impaired in violation of section 1192 (1) of the Vehicle and Traffic Law.
In addressing defendant’s application for various forms of *404 relief, the court will follow the format set forth in defendant’s omnibus motion.
BILL OF PARTICULARS
CPL 100.45 (4) states: "The provisions of section 200.95, governing bills of particulars with respect to indictments, apply to informations, to misdemeanor complaints and to prosecutor’s informations.” The statute provides no authority for a bill of particulars where the accusatory instrument is a simplified information. (See, People v Cohen, 131 Misc 2d 898 [1986].)
Where the accusatory instrument is a simplified information, additional factual information can be obtained by requesting a supporting deposition. The court notes that the defendant has received a supporting deposition and indeed defense counsel has attached the same to his motion papers. The validity of its fill-in-the-blank format was upheld by the Court of Appeals in People v Hohmeyer (70 NY2d 41). Accordingly, the motion for a bill of particulars is denied.
Even if a bill of particulars were authorized under CPL 100.45, the court would deny the motion on the authority of People v Vaccarielli (120 Misc 2d 1092), wherein the Saratoga County Court held that a defendant who failed to utilize the request procedure set forth in CPL 200.95 (2) was not entitled to an order requiring the prosecutor to provide a bill.
DISCOVERY AND INSPECTION
CPL 240.20, 240.30 and 240.40 make discovery available to defendants against whom certain accusatory instruments are pending. In 1983 the Legislature added the words, "simplified information charging a misdemeanor” to the list of pending accusatory instruments in the aforesaid sections. Clearly, then, discovery is not authorized where the accusatory instrument is a simplified information charging a traffic infraction as in the instant case. (See, People v Cohen, 131 Misc 2d 898 [1986].) Presumably the intent of the Legislature in enacting the 1983 amendment was to make it clear that discovery was available in driving while intoxicated cases. Although this was accomplished, no provision was made for those cases where the defendant is charged initially with driving while ability impaired. This apparent legislative oversight is unfortunate, since a defendant charged with driving while ability impaired must confront the same evidence that a driving while intoxi *405 cated defendant must face. It seems fundamentally unfair to deny the driving while ability impaired defendant the same discovery rights a driving while intoxicated defendant possesses. Nevertheless, the statute provides no authority for the court to order discovery, and accordingly, the motion for discovery is denied. However, since the District Attorney has consented to discovery of some items contained in defendant’s motion, the court will bind the People to disclose such materials.
[Portions of opinion omitted for purposes of publication.]