OPINION OF THE COURT
Wendell P. Levister, J.
Defendant is charged with criminal possession of a weapon in the fourth degree, in violation of Penal Law § 265.01 (1). He now moves (1) pursuant to CPL 200.95 and 100.45 (4) for a court-directed bill of particulars; (2) pursuant to CPL 240.20 for court-ordered discovery and inspection; (3) pursuant to CPL 710.20 for suppression of physical evidence; and (4) for a Sandoval hearing to determine whether to suppress defendant’s previous criminal record.
*552 Defendant’s motion is decided as follows:
BILL OF PARTICULARS AND DISCOVERY
After examination of defendant’s moving papers, the court file and the applicable law, the court denies that portion of defendant’s motion seeking a court-ordered bill of particulars and discovery and inspection.
In the instant case, defendant failed to follow the clear and unequivocal statutory procedures concerning bills of particulars and discovery. Defendant has neither served upon the District Attorney a prior written request for a bill of particulars nor demand letter for discovery and inspection as mandated by CPL 200.95 (2) and 240.20 (1).
Too often practitioners fail to comply with the technical requirements respecting bills of particulars and discovery delineated in the Criminal Procedure Law. Frequently, this court receives motions seeking court-ordered bills of particulars and discovery included in defense omnibus motions which contain no reference or indication that a request for a bill of particulars (CPL 200.95 [1] [b]; [2], [3]), or demand letter for discovery and inspection (CPL 240.10 [1]; 240.20, 240.80) have previously been served upon the People. Even more common are instances, such as here, where defendant serves a request for a bill of particulars and demand for discovery simultaneously with the filing of a motion for that same relief. Neither of the above forms of motion practice satisfy the statutory requirement that the District Attorney be afforded a reasonable opportunity to voluntarily respond prior to a defendant’s request for judicial intervention (CPL 200.95 [2], [4], [5]; 240.35, 240.80 [2], [3]).
In response to the judicial delays caused by dilatory and unnecessary motion practice in its critninal courts, the New York State Legislature replaced CPL 200.90 with CPL 200.95 (see, Governor’s mem approving L 1982, ch 558, dated July 22, 1982, 1982 McKinney’s Session Laws of NY, at 2618) and made major revisions to CPL article 240 (see, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 240.10, at 358-359). CPL 200.95 (1) (b) and (2) now provide for the filing of a bill of particulars simply upon a timely request. The purpose of this procedure is to eliminate the need for court review of uncontested matters (see, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 200.95, at 547). Thus, a request for a bill of particulars *553 must be made within 30 days of arraignment or from the date when counsel initially appears (CPL 200.95 [3]). Within 15 days of receipt of service of the request, the People must either respond or refuse (CPL 200.95 [2], [4]). However, only upon the prosecutor’s refusal to comply with the request may the defendant move for a court-ordered bill of particulars (CPL 200.95 [5]). A similar procedure is mandated with respect to demands to produce made as part of discovery and inspection (see, CPL 240.80).
By neglecting to properly follow these procedures in the herein action, defendant attempts to force the court into needless judicial intervention at a stage where such involvement would be counterproductive to an efficient determination of the issues. Moreover, granting this portion of defendant’s motion would show contempt for the recent legislative changes made to the CPL and, in effect, condone the current practice of disregarding the legislative intent behind these statutory requirements without penalty (People v Vaccarielli, 120 Misc 2d 1092, 1093).
Moreover, the court notes that defense counsel and defendant had entered into a voluntary disclosure agreement with the District Attorney’s office. The purpose of such an agreement is to afford the People an opportunity to provide voluntary discovery without the need for defense to make motions. Thus, not only has defense failed to follow the statutory prerequisite of making a prior written request of the District Attorney, he has failed to abide by his own agreement.
Accordingly, that part of defendant’s motion seeking a court-ordered bill of particulars and discovery is denied with leave to renew after proper compliance with the statutory procedures. Additionally, defense counsel should first make his request for discovery directly to the People in accordance with their voluntary disclosure agreement.
ADDITIONAL MOTIONS
The motion to suppress physical evidence is granted on consent of the People only to the extent that the court will conduct a Mapp hearing.
The motion for a Sandoval hearing on consent of the People will be deferred for resolution by the trial court immediately prior to trial.