Matter of N.D. (2006 NY Slip Op 50993(U))

[*1]

Matter of N.D.

2006 NY Slip Op 50993(U) [12 Misc 3d 1161(A)]

Decided on May 26, 2006

Family Court, Nassau County

Lawrence, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 26, 2006

Family Court, Nassau County
In the Matter of N.D. A Person Alleged to be a Juvenile Delinquent, Respondent.
XXX

KELLI MUSE, ESQ.
Deputy County Attorney - Family Court Bureau
JOSEPH R. CARRIERI, ESQ.
CARRIERI & CARRIERI, ESQS.
Attorney for Respondent - N.D.

Richard S. Lawrence, J.
Respondent moves this Court pursuant to Family Court Act §330.1(6) for an order compelling the Presentment Agency to respond to various demands in the Respondent's demand for a bill of parti-
culars. The Presentment Agency opposes the motion, alleging that the Respondent is not entitled to any additional information, other than that which she already has.
The Respondent is charged with acts which, if she were an adult, would constitute the crimes of:
Assault in the Second Degree, §120.05(2) of the
Penal Law, a D Felony;
Hate Crimes, §§485.05(1)(a);(1)(b); and (3);
 and §485.10(2), which elevates assault in the
 Second Degree, §120.05 of the Penal Law to a
 Class C Felony;
Attempted Assault in the Second Degree, §§110/120.05(2)
of the Penal Law, an E Felony;
Hate Crimes, §§485.05(1)(a); (1)(b); and (3); and
§485.10(2) which elevates Attempted Assault in the
Second Degree, §§110/120.05 of the Penal Law to a
Class D Felony;
Assault in the Third Degree, §120.00(1) of the
Penal Law, an A Misdemeanor;
Hate Crimes, §§485.05(1)(a); (1)(b); and (3); and
§485.10(2) which elevates Attempted Assault in the
 Third Degree, §110/120.00(1) of the Penal Law to a
 Class E Felony.
A bill of particulars in a juvenile delinquency matter is governed by Family Court Act §330.1 which, in sub-paragraph (1)(a) defines it as follows as:
"Bill of particulars" is a written statement
by the presentment agency specifying, as required
by this section, items of factual information
which are not recited in the petition and which
pertain to the offense charged and including the
 substance of each respondent's conduct encompassed
 by the charge which the presentment agency intends
 to prove at a fact-finding hearing on its direct
 case, and whether the presentment agency intends to
 prove that the respondent acted as principal or
 accomplice or both. However, the presentment agency
 shall not be required to include in the bill of
 particulars matters of evidence relating to how
 the presentment agency intends to prove the
 elements of the offense charged or how the present-
 ment agency intends to prove any item of factual
information included in the bill of particulars.
Here, the Presentment Agency has complied with §330.1(4) which is entitled "request refused," and has set forth its objections and
reasons for its refusal to serve any additional information as demanded by the Respondent. Its opposing papers state that "all items required to be provided in a bill of particulars are already set forth in both the petition and the supporting depositions."
In her demands, the Respondent demands certain information: what deadly weapon was used; who used it; which of the four [sic] [*2]co-respondents stated to the alleged victim the words that allegedly constitute a hate crime; did this moving Respondent make such a statement; who assaulted the alleged victim; which specific co-respondent inflicted injuries upon the alleged victim; the name of the hospital to which the alleged victim was taken; a demand to "attach a true copy of any medical reports for evaluations with respect to treatment and injuries" of the victim; the Presentment Agency's basis for concluding that this moving Respondent inten-tionally selected this alleged victim because she was of Indian
descent; and lastly, a series of additional demands requesting information as to which co-respondent said what with respect to the alleged incident.
The case law with respect to what is proper in responding to a demand for a bill of particulars is virtually nil; this Court's research has found only two cases in point.
In the Matter of Bernell J., 217 AD2d 659 (2d Dept 1995), the Appellate Division affirmed the Family Court of the State of New York, Kings County, holding that the petition as served sufficiently identified the charges against that particular Respondent, and that the Presentment Agency need not comply with the demands for a bill of particulars as the Respondent was not entitled to matters of evidence relating to the way in which the Presentment Agency intended to prove the various elements of the offenses with which he was charged.
The second case is In the Matter of Santos C., 66 Misc 2d 761 Family Court of New York, Bronx County, 1971. Although this case predates the statute (which became effective on July 1, 1983), it
nevertheless is instructive regarding the matter at bar. Although at the time Santos C. was decided there was no statutory provision for a demand for a bill of particulars, the Judge there allowed such a demand, but then stated that the demand was improper in that
it sought information which was in the nature of evidence, rather than the particulars of the accusations.
[*3]
Applying the sparse case law to this Court's analysis of the statute, this Court finds that many of the demands made upon the Presentment Agency, as set forth above, request evidentiary material, and therefore are not subject to being disclosed in a bill of particulars pursuant to Respondent's demand. Other demands request information already furnished to the Respondent, both in the petition and in the supporting deposition; as pointed out by the Presentment Agency, responses to these demands need not be fur-nished again in a bill of particulars. In addition to this, addi-tional demands call for the way in which the Presentment Agency, intends, at the hearing, to prove the various elements of the offenses with which the Respondent has been charged - - this is specifically precluded pursuant to the last sentence in Family Court Act §330.1(1)(a).
Lastly, the demand for a copy of any medical report is clearly evidentiary in nature and not a proper subject to such demand.
Accordingly, the Respondent's motion is denied in its entirety.
This constitutes the Findings, Decision and Order of this Court.
Dated: Westbury, New York
 May 26, 2006
 E N T E R:
 
 HON. RICHARD S. LAWRENCE, J.F.C.
[*4]
TO: