Matter of C.W.J. (2007 NY Slip Op 51454(U))

[*1]

Matter of C.W.J.

2007 NY Slip Op 51454(U) [16 Misc 3d 1117(A)]

Decided on July 31, 2007

Family Court, Nassau County

Lawrence, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 31, 2007

Family Court, Nassau County
In the Matter of C.W.J., A Person Alleged to be a Juvenile Delinquent, Respondent.
XX07

JOANNE T. CURRAN, ESQ.
Deputy County Attorney, Family Court Bureau
Attorney for the Presentment Agency
JAMES L. BREEN, ESQ.
Attorney for Respondent
ALFRED REINHARZ, ESQ.
Attorney for Respondent

Richard S. Lawrence, J.
The Respondent now moves this Court by way of notice of omnibus motion for the following Orders:
(1) striking the supporting depositions of J.B. and L.B;
(2) for discovery and inspection, and for the Presentment Agency to provide information pursuant to Brady v. Maryland, 373 US 83 (1963);
(3) for a bill of particulars regarding certain information; and
(4) suppressing any statements or admissions, at the time of the fact-finding hearing, made by the Respondent that have been obtainedin "violation" of the Respondent's constitu-tional rights.
This Court initially notes that Family Court Act §332.2, regulates the filing of pre-trial motions. Specifically, pursuant to Family Court Act §332.2 (1),
all pre-trial motions shall be filed within thirty days after the conclusion of the initial appearance and before commencement of the fact-finding hearing (emphasis added), or within such additional times as the court may fix upon application of the respondent made prior to entering a finding pursuant to section 345.1. If the respondent is not represented by counsel or a law guardian and has requested an adjournment to retain counsel or to have a law guardian appointed, such thirty-day period shall commence on the date counsel or a law guardian initially appears on the respondent's behalf. A motion made pursuant to subdivision eight of section 332.1 must be made prior to the commencement of a fact-finding hearing or the entry of an admission.

Here, the initial appearance was held on March 19, 2007. Respondent's omnibus motion was not filed with this Court until May 15, 2007, well in excess of the thirty day rule set forth by
Family Court Act §332.2(1). Although untimely, this Court will not dismiss Respondent's motion on those grounds, without first reviewing the merits of application. See In the Matter of Michael [*2]G., 93 AD2d 836 (2nd Dept. 1983), which held that it was error for the family court to deny appellant's motion to dismiss the petition based solely on timeliness, without considering the merits of the motion.
The Supporting Depositions
The first branch of Respondent's motion requests that this Court "strike" the supporting depositions of J.B. and L.B.. Respondent argues that the information contained within these depositions is hearsay, and not based on, "actual information." Respondent alleges that the prejudice created by these "hearsay statements" serves to "inferentially bolster the complainant's allegations" which are contained in these depositions.
This Court is not aware of any procedure which would permit the relief requested by the Respondent to be granted. The Respondent has not provided this Court with any such authority and the cases cited by the Respondent do not support his application. This Court's own research has not yielded any precedent to grant this branch of Respondent's motion. The Respondent's application is unknown to our practice and as a result, is denied.
Discovery and Inspection
The second portion of Respondent's motion requests an opportunity to "inspect, copy and examine" material that is in the possession of the Presentment Agency. Family Court Act §331.2 allows for such discovery upon a demand to produce by the Respondent, and this is not a motion to compel under Family Court Act §331.3. The Respondent has not indicated whether such a demand was served upon the Presentment Agency. However, the Presentment Agency, as stated in its affirmation, is aware of its obligation to disclose Brady material and states that none is known at this time. As this is a continuing obligation, any such material that comes into the Presentment Agency's possession must be provided to Respondent.
Bill of Particulars
The third branch of Respondent's motion is his request for a bill of particulars pursuant to Family Court Act §330.1 and Criminal Procedure Law § 200.95.
Family Court Act § 330.1 (a) describes a bill of particulars as a
written statement by the presentment agency specifying, as required by this section, items of [*3]factual information which are not recited in the petition and which pertain to the offense charged and including the substance of each respondent's conduct encompassed by the charge which the presentment agency intends to prove at a fact-finding hearing on its direct case, and whether the presentment agency intends to prove that the respondent acted as principal or accomplice or both.
Criminal Procedure Law §200.95 headed, "Indictment; bill of particulars," mirrors the provisions of the Family Court Act §330.1 governing bills of particulars. Both statutes detail the procedure a respondent or defendant must follow when requesting this discovery device. This Court notes that it may consider judicial interpretations of relevant provisions of the criminal procedure law. Family Court Act §303.1 (2). See Tommy C., 182 AD2d 312 (2nd Dept. 1992); In re Frank C., 70 NY2d 408 (1987); and In the Matter of Neftali D., 85 NY2d 631 (1995).
A bill of particulars is initially sought by written request, served by a respondent upon the Presentment Agency, without leave of court. Family Court Act §330.1 (1)(b). The Present-ment Agency may then, pursuant to Family Court Act §330.1(4), refuse to comply with the request, and this refusal must be set forth in writing.
Only upon this written refusal may the Respondent request judicial intervention, under Family Court Act §330.1 (5) and §330.1 (6), for a court ordered bill of particulars. See Besharov and Sobie, 1999 Practice Commentaries (McKinney's Cons Law of NY, Book 29A, Family Court Act §330.1 at 235) which states that the intent of the Family Court Act §330.1 is to resort to court supervision only when discovery items are disputed.....(and) the respondent initi-ates the process by serving a "request" for a bill of particulars without leave of the court. Also compare, in the criminal context, Preiser, 1993 Practice Commentaries (McKinney's Cons Law of NY, Book 11A, CPL 200.95 at 541) which discusses that "[t]he statutory procedure for obtain-ing a bill of particulars...involves the court only after the prosecutor has refused a request for information..." Accord, People v. Preston, 141 Misc 2d 551, 553 (Crim Ct of New York, Bronx Cty, 1988), where the court held that only upon the prosecutor's refusal to comply with the request may the defendant move for a court-ordered bill of particulars.
Here, the Respondent has not sought a bill of particulars before seeking this Court's involvement, and this is not an application to compel under Family Court Act §330.1 (5).
Although it is clear that the application for a court ordered bill of particulars is "premature," this Court will nevertheless examine the timeliness of the request.
Pursuant to Family Court Act §330.1 (3), a request for a bill of particulars is timely if made within thirty days after the conclusion of the initial appearance and before the commence-[*4]ment of the fact-finding hearing. The court may direct compliance with a request for a bill of particulars that for good cause shown, could not have been made within the time specified.
For example, in People v. Vaccarielli, 120 Misc 2d 1092 (County Ct of New York, Saratoga Cty, 1983), the defendant filed a motion for an order requiring a bill of particulars. The County Court denied this application as untimely, holding that a request is timely made within 30 days of arraignment on the charge and before trial. Accord, People v. McGettrick, 139 Misc 2d 403 (City Ct of New York, Hudson, Columbia Cty, 1988).
The initial appearance in this case was held on March 19, 2007. The Respondent appeared before this Court, with counsel, and Respondent's mother was present. There has been no showing that the Respondent requested a bill of particulars prior to bringing this motion. At no point did this Court grant additional time past the statutory requirement. The motion was not even filed with this Court until May 15, 2007, well in excess of the thirty day requirement. Although the Presentment Agency does not raise this issue, this statute is a mandatory statute, and the request must be denied as untimely.
Alternatively, even if this Court were to address the merits of the Respondent's argu-ments, the request would still be denied, as the items sought are not the proper subject of a bill of particulars.
The purpose of a bill of particulars is to allow the accused to prepare for trial and to prevent unfair surprise, and to such end the prosecution is strictly limited to proving what it has set forth. Matter of Elliton J., 120 Misc 2d 392, 393 (Fam Ct of New York, Queens Cty, 1983), citing United States v. Glaze, 313 F2d 757, United States v. Murray, 297 F2d 812, cert den 369 US 828, and People v. Davis 41 NY2d 678.
However, the Presentment Agency is not required to include in the bill of particulars matters of evidence relating to how it intends to prove the elements of the offense charged or how it intends to prove any item of factual information included in the bill of particulars. Family Court Act § 330.1 (1) (a).
Interestingly, this Court notes that it determined what is the proper subject of a bill of particulars Matter of N.D., 12 Misc 3d 1161(A) (Fam Ct of New York, Nassau Cty, Lawrence, J., May 26, 2006). While that case is not procedurally on point, it is applicable to the issues at bar, and the cases relied upon in that decision which are relevant are discussed below.

[*5]
First, In the Matter of N.D., supra, the Respondent brought application pursuant to Family Court Act §330.1(6) for an order compelling the Presentment Agency to respond to various demands in his bill of particulars. The Respondent demanded certain information:

what deadly weapon was used; who used it; which of the four co-respondents stated to the alleged victim the words that allegedly constitute a hate crime; did this moving Respondent make such a statement; who assaulted the alleged victim; which specific co-respondent inflicted injuries upon the alleged victim; the name of the hospital to which the alleged victim was taken; a demand to "attach a true copy of any medical reports for evaluations with respect to treatment and injuries" of the victim; the Presentment Agency's basis for concluding that this moving Respondent intentionally selected this alleged victim because she was of Indian descent; and lastly, a series of additional demands requesting information as to which co-respondent said what with respect to the alleged incident. Id. at 1-2.
Applying the sparse case law to this Court's analysis of the statute, this Court finds that many of the demands made upon the Presentment Agency, as set forth above, request evidentiary material, and therefore are not subject to being disclosed in a bill of parti-culars pursuant to Respondent's demand. Other demands request information already furnished to the Respondent, both in the petition and in the supporting deposition; as pointed out by the Presentment Agency, responses to these demands need not be furnished again in a bill of particulars. In addition to this, additional demands call for the way in which the Presentment Agency, intends, at the hearing, to prove the various elements of the offenses with which the Respondent has been charged- - this is specifi-cally precluded pursuant to the last sentence in Family Court Act §330.1(1) (a). Id. at 3.
Second, In the Matter of Bernell J., 217 AD2d 659 (2nd Dept. 1995), cited In the Matter of N.D., the Appellate Court determined that the juvenile delinquency petition sufficiently identi-fied the charges against the respondent and that a bill of particulars "was not required since the appellant was not entitled to matters of evidence relating to how the presentment agency intended to prove the elements of the offenses with which he was charged (see, Family Ct Act §330.1 [1] [a]; cf., Matter of Edgar L., 66 Misc 2d 142, 144.)."
Third, In the Matter of Santos C., 66 Misc 2d 761 (Fam Ct of New York, Bronx Cty, 1971) also relied upon in the Matter of N.D., the Family Court held that demand for a bill of particulars was improper in that it sought "information in the nature of evidence rather than particulars in the accusation."
[*6]
With this in mind, this Court now considers the information Respondent seeks by bill of particulars. The Respondent requests that the Presentment Agency provide: the date, and place (the specific room) of the first and last act of sexual conduct, whether any person was "home," Respondent's specific conduct, whether the complaining witness made a report to any medical doctor, or hospital, and the address, the date of such examination or treatment, whether such examination resulted in a finding of sexual activity, whether the incident was reported to any family member, neighbor, teacher or friend, their address and the date of such report, whether the incident was reported to a CPS hotline and the results of that investigation, whether a report was made to the police, and whether the complaining witness returned to the alleged place of the incident.
As stated by the Presentment Agency, many of the items requested have been provided to the Respondent by way of the petition and the supporting depositions. Further, many of the demands seek evidentiary material that is precluded from being offered under Family Court Act § 330.1 (1) (a). This Court notes that a subpoena certainly could be utilized to obtain information concerning Child Protective Services, police reports, or findings of a medical provider (that is, if the material is the proper subject of a subpoena under the Civil Practice Law and Rules).
For all the above reasons, the request for a court ordered bill of particulars is denied.
Order suppressing any statements or admissions made by the Respondent
The fourth branch of Respondent's motion seeks an order suppressing any statements or admissions, at the time of the fact-finding hearing, made by the Respondent that have been obtainedin "violation" of the Respondent's constitutional rights. The Presentment Agency objects to this request, stating that there are no statements of the Respondent that were made to law enforcement known to the Presentment Agency.
The Presentment Agency must serve upon the Respondent a notice of intent to offer a statement that it intends to use at the fact-finding hearing. Under Family Court Act §330.2 (2), this must be done within fifteen days after the initial appearance.
Similarly, in the criminal context, Criminal Procedure Law §710.30, provides that:

1. Whenever the people intend to offer at a trial (a) evidence of a statement made by a defendant to a public servant, which statement if involuntarily made would render the evidence thereof suppressible upon motion pursuant to subdivision three of section 710.20, or (b) testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case,
[*7]
to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.

2. Such notice must be served within fifteen days after arraignment and before trial, and upon such service the defendant must be accorded reasonable opportunity to move before trial, pursuant to subdivision one of section 710.40, to suppress the specified evidence. For good cause shown, however, the court may permit the people to serve such notice, thereafter and in such case it must accord the defendant reasonable opportunity thereafter to make a suppression motion.
Criminal Procedure Law §710.30 is silent as to whether such notice must be in writing, or whether oral notice is sufficient. However, this Court has determined this very issue Matter of S.S., 14 Misc 3d 1229(A) (Fam Ct of New York, Nassau Cty, Lawrence, J. February 8, 2007), and held that while written notice is preferable (for both the court and the practitioner), oral notice is sufficient. This Court emphasized that this is so

especially where there is no written statement annexed to the petition...so that there would be no question as to the contention of any statement made by a defendant or respondent. In addition, written notice is also preferable in a matter when a defendant has changed counsel subsequent to arraignment, where the notice is given at arraignment. Neverthe- less, oral statement notice is sufficient, so long as the defendant or respondent is provided with an opportunity to challenge any such statement at the suppression hearing. Id. at 9.
It does not appear that the Presentment Agency has filed a notice of intent. The Present-ment Agency did not give oral notice of any statement(s) it intends to offer at the time of the fact-finding. Respondent does not detail the statements he believes the Presentment Agency may attempt to offer into evidence; but nevertheless, the Presentment Agency has conceded that it is not in possession of any statements made by the Respondent to law enforcement officials, and that no such statements are even known to exist. For those reasons, this branch of Respondent's application is denied.
The Presentment Agency seeks reciprocal discovery pursuant to Family Court Act
§331.2 (3) (a) and (b). These provisions of the Family Court Act provide for discovery upon the demand of a party. First, Family Court Act §331.7 provides that if a respondent is not in deten-tion (as is the case here), a demand to produce shall be made within fifteen days after the conclu-sion of the initial appearance, unless extended for good cause shown, but in no event later than the commencement of the fact-finding hearing. It does not appear that the Presentment Agency made any discovery requests within the fifteen days, and this Court did not make a finding of good cause, which would extend the statutory time. Second, this is not an application under Family Court Act §331.3 (2) for the court to order discovery. The Presentment Agency seeks reciprocal discovery under provisions of the Family Court Act that call for a written demand.
Clearly, the statute has not been complied with and since this it is a mandatory statute, the Court must deny this prayer for relief.
Lastly, Respondent has requested leave to file any additional motions which may become necessary upon the Presentment Agency's supplying requested discovery. The portions of Respondent's motion which seek ongoing discovery and leave to renew this motion or to make additional motions as may become necessary, based upon newly discovered evidence, are granted only to the extent that they are made in accordance with Family Court Act §331.5 and Civil Practice Law and Rules §2221.
This constitutes the Decision and Order of this Court.
Dated: July 31, 2007.
TO: